UNIVERSITY OF CINCINNATI, UNIVERSITY HOSPITAL, APPELLANT, *v.* STATE EMPLOYMENT RELATIONS BOARD, APPELLEE; OHIO NURSES ASSOCIATION, INTERVENOR-APPELLEE.

(No. C-870395—Decided
March 23, 1988.)

*Squire, Sanders & Dempsey, John F. Lewis* and *Gregory B. Scott,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Joseph M. Oser,* for appellee State Employment Relations Bd.

*Cloppert, Portman, Sauter, Latanick & Foley* and *Robert W. Sauter,* for intervenor-appellee Ohio Nurses Assn.

HILDEBRANDT, P.J. The issue in this appeal is whether the Public Employees' Collective Bargaining Act (the "Act"), R.C. Chapter 4117, requires the respondent-appellant, the University of Cincinnati, University Hospital ("University"),[1] to bargain with the intervenor-appellee, the Ohio Nurses Association ("ONA"),[2] as ordered by the complainant-appellee, the State Employment Relations Board ("SERB"), and affirmed by the Hamilton County Court of Common Pleas. For the reasons set forth in this opinion, we affirm the ruling of the court below.

The facts in this case are essentially undisputed. The negotiating relationship between the University and ONA dates from 1973, when the first collective-bargaining agreement between these parties was consummated. At that time, management and supervisory nurses, who were classified as head nurses, were included in the bargaining unit on behalf of which ONA negotiated.

Since the negotiation of the original contract, additional managerial and supervisory classifications have been added to the bargaining unit. ONA and the University successfully negotiated collective-bargaining agreements in January 1982, January 1983 and January 1984. In January 1985, however, during negotiations for a successor to the 1984 collective-bargaining contract, the University took the position that it would not enter into an agreement with a bargaining unit that included certain managerial and supervisory nursing classifications.[3]

---

[1] The University is a "public employer" as defined by R.C. 4117.01(B).

[2] ONA is an "employee organization" as defined by R.C. 4117.01(D).

[3] The classifications that the University seeks to exclude from the bargaining unit are: head nurses, ambulatory administrative nurses, shift managers and unit instructors. During the proceedings before SERB, the instant parties stipulated, *inter alia,* that the job duties of the above classifications, with the exception of unit instructors, would be defined as either supervisors or managerial employees as prescribed by R.C. 4117.01(F) and 4117.01(K), respectively. It was stipulated specifically that the unit-instructor nurses did not perform duties contemplated by the above Revised Code sections. It should be noted that in his written proposed order, the SERB hearing examiner concluded that the unit instructors were "public employee[s]" as defined by R.C. 4117.01(C).

The University's position concerning these classifications prompted ONA to file an unfair-labor-practice charge with SERB on June 18, 1985. A hearing concerning the charge was conducted by SERB in September 1985. At the conclusion of the hearing, the hearing examiner recommended that the board issue an order requiring the University to:

"1. Cease and desist from interfering with, restraining or coercing employees in the exercise of their rights guaranteed in [R.C.] Chapter 4117, or refusing to bargain collectively with the employees' representative, and from otherwise violating Ohio Revised Code Section[s] 4117.11(A)(1) and (A)(5).

"2. Engage in collective bargaining with the employee organization pursuant to Ohio Revised Code Section 4117.09.

"3. Post for 60 days in all University of Cincinnati Hospital Offices the Notice to Employees furnished by the Board stating that the Respondent shall cease and desist from the action set forth in Paragraph 1, above, and shall take the affirmative action set forth in Paragraph 2, above."

The University filed exceptions to the proposed order. On February 14, 1986, SERB ordered the University to take the remedial actions proposed by the hearing examiner.[4] On May 15, 1987, the court of common pleas placed of record its entry affirming SERB's order.[5]

In this appeal, the University asserts four assignments of error:

"The Court of Common Pleas erred in finding that the [University] refused to bargain with the [ONA] * * *.

"The Court of Common Pleas erred in adopting SERB's interpretation of the Ohio Public [Employees'] Collective Bargaining Act * * *.

"The Court of Common Pleas erred by implicitly finding that the [University] had a duty to bargain over unit composition * * *.

"The Court of Common Pleas erred by ignoring the fact that, if the [University] did have a duty to bargain, that obligation was satisfied long ago * * *."

Because the assignments are so closely interrelated, we will address them concurrently. We find them to be without merit.

Throughout these proceedings the University has maintained that supervisors and management-level employees are excluded from the Act's definition of "public employees."[6] Further, the University argues that pur-

---

Prior to the January 1985 negotiations, the University filed a petition for clarification with SERB in an attempt to exclude the nursing classifications *sub judice* from the existing bargaining unit. SERB dismissed the petition for clarification on May 22, 1985.

[4] The University also appealed the dismissal of its petition for clarification to the court of common pleas. The court's dismissal of that cause is not at issue in this appeal.

[5] The court's reasoning is set forth in its earlier decision entered on February 10, 1987.

[6] R.C. 4117.01 became effective on April 1, 1984, and provides in pertinent part:

"(C) 'Public employee' means any person holding a position by appointment or employment in the service of a public employer, including any person working pursuant to a contract between a public employer and a private employer and over whom the national labor relations board has declined jurisdiction on the basis that the involved employees are employees of a public employer, except:

"* * *

"(7) Management level employees;

"* * *

"(10) Supervisors[.]"

suant to R.C. 4117.03(C),[7] a public employer may choose whether to engage in collective bargaining with those public employees under R.C. 4117.01(C) who are not otherwise subject to the Act.

The University's reliance upon the foregoing authority is misplaced. Am. Sub. S.B. No. 133 (140 Ohio Laws, Part I, 336-371), which created the Act and made it effective on October 6, 1983 (see Section 3), reads in part, as follows, in Section 4:

"(A) Exclusive recognition through a written contract, agreement, or memorandum of understanding by a public employer to an employee organization whether specifically stated or through tradition, custom, practice, election, or negotiation the employee organization has been the only employee organization representing all employees in the unit is protected subject to the time restriction in division (B) of section 4117.05 of the Revised Code. *Notwithstanding any other provision of this act, an employee organization recognized as the exclusive representative shall be deemed certified until challenged by another employee organization under the provisions of this act and the State Employment Relations Board has certified an exclusive representative.*" (Emphasis added.)

It is clear from the emphasized language of Section 4 of the Act that the legislature intended that those bargaining units in existence on October 6, 1983, would remain intact. Since this section was effective prior to the January 20, 1984 agreement between the University and ONA, which included in the bargaining unit those nurses that the University now seeks to exclude, the University's position that it may elect not to negotiate with such nurses must fail.

Accordingly, the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

SHANNON and UTZ, JJ., concur.

---

[7] R.C. 4117.03, which also was effective on April 1, 1984, reads in pertinent part:

"(C) Nothing in Chapter 4117. of the Revised Code prohibits public employers from electing to engage in collective bargaining, meet and confer, discussions, or any other form of collective negotiations with public employees who are not subject to Chapter 4117. of the Revised Code pursuant to division (C) of section 4117.01 of the Revised Code."