**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 665.]**

THE STATE EX REL. BRECKSVILLE EDUCATION ASSOCIATION, OEA/NEA, *v.*

STATE EMPLOYMENT RELATIONS BOARD ET AL.

**[Cite as *State ex rel. Brecksville Edn. Assn. v. State Emp. Relations Bd*.,**

**1996-Ohio-310.]**

*Public employment—Teachers—Collective bargaining—Section 4(A) of Am.Sub.S.B. No. 133 does not deprive State Employment Relations Board of jurisdiction to consider petition jointly filed by employer and an exclusive representative requesting SERB to amend composition of deemed certified bargaining unit.*

Section 4(A) of Am.Sub.S.B. No. 133 does not deprive the State Employment Relations Board of jurisdiction to consider a petition jointly filed by an employer and an exclusive bargaining representative requesting SERB to amend the composition of a deemed certified bargaining unit. (*Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL-CIO v. Cincinnati* [1994], 69 Ohio St.3d 677, 635 N.E.2d 361, distinguished.)

(No. 95-576—Submitted October 10, 1995—Decided March 1, 1996.)

IN MANDAMUS.

———————

{¶ 1} Relator, Brecksville Education Association ("BEA"), is the deemed certified collective bargaining agent for teachers employed by the Brecksville-Broadview Heights Board of Education ("board").[1]  No challenge to BEA's

———————

1. Also known as a "historical unit," a deemed certified collective bargaining agent is the employee representative who bargained with the employer on behalf of public employees in a collective bargaining relationship that predated the passage of the Ohio Collective Bargaining Act.  Rather than being certified by SERB according to the normal certification procedure provided for under the Act, such units were "deemed certified" by the grandfather clause of Section 4(A) of Am.Sub.S.B. No. 133, and are treated as if they had been certified normally.  See Drucker, Collective Bargaining Law in Ohio (1993) 199, Section 5.02(D).

exclusive representative status has been made by any other employee organization.

{¶ 2} The board is an Ohio Public Employer as defined by R.C. 4117.01(B). It is also a "body politic and corporate" under R.C. 3313.17 and R.C. Chapter 4117. Though the board is formally designated as a respondent on the complaint, the board does not oppose, but rather supports relator's position in this case.

{¶ 3} Respondent State Employment Relations Board ("SERB") is an agency of the state of Ohio created by R.C. Chapter 4117 and charged with the administration of the Ohio Public Employees Collective Bargaining Act ("the Act").

{¶ 4} On January 1, 1985, BEA and the board entered their first contract subsequent to passage of the Act. The contract recognized BEA as the exclusive bargaining representative of the unit composed of teachers and certain other employees, but specifically excluded substitute teachers and tutors. BEA and the board subsequently entered into a series of collective bargaining agreements which continued the exclusion of tutors from the bargaining unit.

{¶ 5} Following our decisions in *State ex rel. Brown v. Milton-Union Exempted Village Bd. of Edn.* (1988), 40 Ohio St.3d 21, 531 N.E.2d 1297, and *State ex rel. Tavenner v. Indian Lake Local School Dist. Bd. of Edn.* (1991), 62 Ohio St.3d 88, 578 N.E.2d 464, holding that tutors were teachers entitled to compensation under duly adopted teachers' salary schedules, BEA and the board executed a collective bargaining agreement effective January 1, 1994, which included small group instruction teachers, formerly known as tutors, in the bargaining unit represented by BEA. A total of ten tutors were affected by this modification.

{¶ 6} After reaching agreement on the terms of the 1994 contract, BEA and the board jointly petitioned SERB to amend the bargaining unit to include tutors in accord with the provisions of the collective bargaining agreement. SERB declined jurisdiction, citing *Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL-*

*CIO v. Cincinnati* (1994), 69 Ohio St.3d 677, 635 N.E.2d 361, and therefore made no determination on the merits of the petition. BEA responded by filing the present action requesting this court to grant a writ of mandamus that would compel SERB to exercise jurisdiction over the joint petition.

───────────────

*Cloppert, Portman, Sauter, Latanick & Foley* and *Mark A. Foley,* for relator.

*Betty D. Montgomery*, Attorney General, and *Vincent L. Lombardo*, Assistant Attorney General, for respondent State Employment Relations Board.

*Flanagan, Blackie, & Giffels, L.P.A.,* and *William E. Blackie III,* for respondent Brecksville-Broadview Heights Board of Education.

*Lucas, Prendergast, Albright, Gibson & Newman* and *Robert J. Walter,* urging issuance of writ for *amicus curiae*, Ohio Association of Public School Employees/AFSCME Local 4, AFL-CIO.

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A*., and *Ronald G. Macala*, urging issuance of writ for *amici curiae*, Westlake Education Assn. and Independence Education Assn.

*Daniel S. Smith*, OEA/NEA Director of Legal Services, urging issuance of writ for *amici curiae*, Ohio Education Assn. and Columbus Education Assn.

*Kalniz, Iorio & Feldstein Co., L.P.A*., and *Brenda Meyer,* urging issuance of writ for *amici curiae*, Swanton Education Assn. and Sylvania Education Assn.

───────────────

**MOYER, C.J.**

{¶ 7} The issue presented is whether Section 4(A) of Am.Sub.S.B. No. 133 deprives the State Employment Relations Board of jurisdiction to consider a petition filed jointly by an employer and an exclusive bargaining representative that requests an amendment to the composition of a deemed certified bargaining unit.

{¶ 8} "In order for a writ of mandamus to issue, a relator must demonstrate

that (1) he or she has a clear legal right to the relief prayed for; (2) respondent is under a corresponding legal duty to perform the requested act; and (3) relator has no plain and adequate legal remedy." *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 218-219, 631 N.E.2d 150, 152, citing *State ex rel. Glass, Molders, Pottery, Plastics & Allied Workers Internatl. Union, Local 333, AFL-CIO, CLC v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 157, 158, 609 N.E.2d 1266, 1267.

{¶ 9} Under R.C. 4117.06(A), SERB has a duty to "decide in each case the unit appropriate for the purposes of collective bargaining." The statute further provides that the SERB appropriateness determination is "final and conclusive and not appealable to the court." Because there is no right of appeal from SERB's determination that it had no jurisdiction to reach the merits of the joint petition for amended certification, BEA has no adequate alternative remedy at law. Mandamus, therefore, is an appropriate remedy to correct SERB's failure to exercise jurisdiction when under a statutory duty to do so. See *State ex rel. Coen v. Indus. Comm.* (1933), 126 Ohio St. 550, 554, 186 N.E. 398, 399.

{¶ 10} This court has previously stated that "[t]he purpose of the Act is to minimize public-sector labor conflict and to provide a mechanism for resolving disputes when they arise." *State ex rel. Dayton Fraternal Order of Police, Lodge No. 44 v. State Emp. Relations Bd..* (1986), 22 Ohio St. 3d 1, 6, 22 OBR 1, 5, 488 N.E.2d 181, 186. The policy of encouraging cooperation rather than conflict between public employers and employees was important enough to the General Assembly that it included a subsection of the statute to emphasize the point. R.C. 4117.22 provides: "Chapter 4117. of the Revised Code shall be construed liberally for the accomplishment of the purpose of promoting orderly and constructive relationships between all public employers and their employees." This language represents the express legislative intent that produced the statute. BEA and the board contend that their agreement to include the tutors in the bargaining unit was

4

the model expression of an orderly and constructive relationship. Indeed, if not prohibited by statute, public employers and public employee bargaining agents should be encouraged to do precisely what the board of education and the union did here.

{¶ 11} Standing alone, the language of R.C. 4117.06 appears to require SERB to exercise jurisdiction to rule on relator's petition. In *Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL-CIO v. Cincinnati* (1994), 69 Ohio St.3d 677, 635 N.E.2d 361, however, we held that SERB's jurisdiction to consider such petitions is limited by the terms of Section 4(A) of Am.Sub.S.B. No. 133.

{¶ 12} The syllabus of *Ohio Council 8* reads:

"Ohio Adm.Code 4117-5-01(F) is in clear conflict with Section 4(A) of Am.Sub.S.B. No. 133 (140 Ohio Laws, Part I, 336 337) and is, therefore, invalid. Pursuant to Section 4(A), *adjustments or alterations to deemed certified collective bargaining units are not permitted until challenged by another employee organization.*" (Emphasis added.) SERB contends that it correctly relied on the syllabus language in refusing to accept jurisdiction over the joint petitions.

{¶ 13} Ohio Adm. Code 4117-5-01(F) provides:

"For a unit that has not been approved by the board through the procedures of division (A) of section 4117.05 or 4117.07 of the Revised Code, a petition for unit clarification or amendment of a deemed certified unit may be filed only during the period of one hundred twenty days to ninety days before the expiration date of the collective bargaining agreement, after the expiration of the collective bargaining agreement, or at any other time if the petition is submitted by mutual request of the parties. Unless the petition for amendment or clarification of such a unit is submitted by mutual request, the board will consider clarification or amendment only if the petition alleges that the unit contains a combination of employees prohibited by division (D) of section 4117.06 of the Revised Code."

{¶ 14} SERB argues that two aspects of our holding in *Ohio Council 8*

support its conclusion that it is without jurisdiction to address the joint petition filed in this case. First, the syllabus of *Ohio Council 8* broadly states that Ohio Adm.Code 4117-5-01(F) is invalid. Because the invalidation is not expressly limited to those portions of the rule which do not involve joint petitions for amended certification, SERB maintains that the rule must be considered invalid in its entirety. Second, the *Ohio Council 8* syllabus holds that a challenge by another employee organization is a necessary prerequisite to adjustments or alterations to deemed certified collective bargaining units. Therefore, argues SERB, because the joint petition for amended certification of the collective bargaining unit in this case did not involve a challenge by another employee organization, SERB properly refused to exercise jurisdiction. SERB has, perhaps understandably, misapplied our holding in *Ohio Council 8*.

{¶ 15} The issue of a joint petition for amended certification of a bargaining unit was not before the court in *Ohio Council 8*. Rather, that case involved the conflict between Section 4(A) of the Act and the language of Ohio Adm.Code 4117-5-01(F) that authorized unilateral employer petitions. Because we find the distinction between unilateral employer petitions and joint petitions to be critical, and because we find *Ohio Council 8* applicable only to unilateral employer petitions, we confine the holding of *Ohio Council 8* to those particular facts.

{¶ 16} The controlling issue in this case is whether, as SERB contends, Section 4(A) of Am.Sub.S.B. No. 133 precludes SERB jurisdiction over joint petitions for amended certification of collective bargaining units. Section 4(A) provides that "[n]otwithstanding any other provision of this act, an employee organization recognized as the exclusive representative shall be deemed certified until challenged by another employee organization under the provisions of this act and the State Employment Relations Board has certified an exclusive representative." 140 Ohio Laws, Part I, 336, 337. The quoted language is the same language that provided the foundation for our decision in *Ohio Council 8*. Its

application to the two situations, however, is quite different.

{¶ 17} First and foremost, we note that the language of Section 4(A) of Am.Sub.S.B. No. 133 does not expressly protect the *composition* of the bargaining unit. Section 4(A) provides that the deemed certified unit shall remain deemed certified until challenged by another organization. It does not exclude, expressly or otherwise, SERB jurisdiction under the facts of this case; nor does it preclude the addition of a group of employees to an existing bargaining unit where no one opposes the action. In the absence of express statutory direction, and in light of our decision in *Ohio Council 8*, we must determine the intent of the General Assembly and decide whether there is good reason to extend the *Ohio Council 8* reasoning to the facts of the present case.

{¶ 18} In *Ohio Council 8* we explained at some length that the Section 4(A) language explicitly protecting the deemed certified status of the employee representative also protected the composition of the bargaining unit from unilateral attack by the employer on grounds of R.C. 4117.06(D). *Ohio Council 8*, 69 Ohio St.3d at 681-682, 635 N.E.2d at 364. The majority opinion observed in language not necessary to the disposition of the issue before us that the composition of the bargaining unit was intended by the General Assembly to be preserved intact as it was on October 6, 1983. *Id.* at 682, 635 N.E.2d at 364, citing *Univ. of Cincinnati, Univ. Hosp. v. State Emp. Relations Bd.* (1988), 42 Ohio App.3d 78, 81, 536 N.E.2d 408, 411. We do not believe it is either necessary or advisable to extend the concept that far.

{¶ 19} We find the distinction between unilateral and joint petitions to be dispositive for the following reasons: (1) The language of Section 4(A) does not expressly require that SERB forgo jurisdiction, and we decline to read such a requirement into the statute; (2) Co-operative solutions are the express objective of Ohio collective bargaining law.

{¶ 20} Though it is reasonable to conclude, as we did in *Ohio Council 8*,

that the General Assembly intended to protect preexisting collective bargaining relationships from unilateral attack by employers, it does not necessarily follow that the General Assembly intended to forever freeze the composition of units extant on October 6, 1983.

{¶ 21} The grandfather clause of Section 4 of Am.Sub.S.B. No. 133 was included in the statute in order to protect existing relationships from upheaval due to the passage of the Act.  See Drucker, Collective Bargaining Law in Ohio (1993) 199, Section 5.02(D).  There is no indication, however, either in our opinions or in the legislative history of Am.Sub.S.B. No. 133, that the intent of the legislature was slavish adherence to the 1983 *status quo*.  On the contrary, it is clear that Am.Sub.S.B. No. 133 and R.C. Chapter 4117 were passed in response to a widely perceived need to "bring stability and clarity to an area where there had been none," and to remove public employees from a position of "second-class citizenship" by placing them on an equal footing with private employees. *State ex rel. Dayton Fraternal Order of Police, Lodge No. 44 v. State Emp. Relations Bd.* (1986), 22 Ohio St. 3d 1, 5, 22 OBR 1, 4, 488 N.E.2d 181, 185.

{¶ 22} SERB has offered no evidence that there was any question, prior to our decision in *Ohio Council 8*, regarding SERB's jurisdiction to consider joint petitions for amendment of bargaining units.  Indeed,  Ohio Adm.Code 4117-5-01 expressly provides for SERB rulings on joint petitions, and the principle appears to have been generally accepted from the inception of the Act.  See Drucker, Collective Bargaining in Ohio, *supra,* at 235, Section 5.18(B).  Moreover, joint petitions are fully consistent with the acknowledged legislative objectives of orderly and cooperative resolution of disputes, and with the policy interest of stability in labor relationships.

{¶ 23} We agree with BEA and the board that if this court were to find no jurisdiction for SERB to consider the joint petition, such holding would impose an unworkable and unrealistic requirement that the employee unit composition be

forever frozen in time unless and until an adversarial position is taken by a third-party employee representative; that the decision would promote confrontation rather than the cooperation encouraged by the statute; and that such a rule would present an impediment to the flexibility that complex collective bargaining requires.

{¶ 24} In construing the statutes of this state, we must presume that just and reasonable results are intended by the General Assembly. R.C. 1.47; *State ex rel. Brown v. Milton-Union Exempted Village Bd. of Edn.* (1988), 40 Ohio St.3d 21, 27, 531 N.E.2d 1297, 1303; *State ex rel. Dispatch Printing Co. v. Wells* (1985), 18 Ohio St.3d 382, 384, 18 OBR 437, 439, 481 N.E.2d 632, 634. When a statute with the stated purpose of fostering cooperation is interpreted to require conflict without a counterbalancing benefit, such interpretation can only be described as unreasonable.

{¶ 25} We are confident that the General Assembly did not intend unified parties to forgo that course of action which they judge to be desirable and efficacious for all concerned, simply because it is not the solution agreed upon prior to October 6, 1983, and because no rival organization has challenged the exclusive representative. We therefore hold that Section 4(A) of Am.Sub.S.B. No. 133 does not deprive the State Employment Relations Board of jurisdiction to consider a petition jointly filed by an employer and an exclusive representative requesting SERB to amend the composition of a deemed certified bargaining unit.

{¶ 26} Accordingly, we conclude that BEA and the board are entitled to the determination they seek and that SERB is under a duty to provide it. The writ of mandamus is therefore granted.

*Writ granted.*

F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS and RESNICK, JJ., concur separately in the syllabus and judgment.

WRIGHT, J., concurs in the syllabus and judgment.

_____

**DOUGLAS, J., concurring.**

{¶ 27} I concur in the syllabus and judgment of the majority. I write separately to make two points wherein I disagree with the majority.

{¶ 28} The majority states that "* * * the language of Section 4(A) of Am.Sub.S.B. No. 133 does not expressly protect the *composition* of the bargaining unit." I respectfully disagree. I believe that Section 4(A) *does* protect the deemed certified unit, *including composition*, from attack by all but another employee organization. That, in fact, is the real substance of *Ohio Council 8.* This does not say, however, as the majority clearly points out, that the composition of a unit cannot be changed by the joint agreement of the unit and the public employer. Such an agreement is not an attack.

{¶ 29} The majority also says, in discussing Am.Sub.S.B. No. 133, that "[t]here is no indication * * * that the intent of the legislature was slavish adherence to the 1983 *status quo*." While I would not call it "slavish adherence," I would say and I do believe that the intent of the legislature was to codify then existing bargaining relationships, so as to maintain the *status quo* between public employers and their employees who at that time had a collective bargaining history and, often, a contractual relationship.

{¶ 30} With the foregoing exceptions, I concur with the well-reasoned syllabus, opinion and judgment of the majority.

RESNICK, J., concurs in the foregoing opinion.

_____