CLEVELAND BOARD OF EDUCATION, Appellant,

v.

STATE EMPLOYMENT RELATIONS BOARD, Appellee.

[Cite as *Cleveland Bd. of Edn. v. State Emp. Relations
Bd.* (1998), 129 Ohio App.3d 671.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73585.

Decided Sept. 8, 1998.

*Duvin, Cahn & Hutton, Kenneth B. Stark, Jon M. DiLeno* and *Barry Y. Freeman; Johnson & Angelo, Michael J. Angelo* and *Gina A. Kuhlman,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Andrea F. Rocco,* Assistant Attorney General, for appellee.

TERRENCE O'DONNELL, Judge.

The Cleveland Board of Education appeals from an order of the common pleas court affirming a decision of the State Employment Relations Board ("SERB"),

which found that the board of education had committed an unfair labor practice by transferring the job responsibilities of a steamfitter foreman to a plumber foreman in violation of R.C. 4117.08. For the reasons that follow, we affirm the order of the trial court.

This case arose when Pipefitters Local 120, the union that represents steamfitters and steamfitter foremen who are employed by the Cleveland Board of Education, filed a charge with SERB alleging that the board of education committed an unfair labor practice when it unilaterally eliminated the steamfitter foreman position and transferred its supervisory responsibilities to a plumber foreman. SERB made a determination of probable cause regarding the unfair labor practice and issued a complaint. The parties then, in lieu of a formal hearing before the SERB hearing officer, filed the transcript and exhibits from a prior grievance proceeding before an arbitrator, and stipulated that the hearing officer could take judicial notice of the credibility findings of the arbitrator, but that he would reserve the right to make his own credibility findings. The hearing officer thereafter issued a proposed order, and SERB adopted it, finding that the board of education committed an unfair labor practice when it unilaterally eliminated the steamfitter foreman position and transferred those duties outside the unit, and therefore ordered back pay and ordered the board of education to bargain with Pipefitters Local 120 before continuing to implement the changes.

The board of education then appealed the SERB order to common pleas court; upon review, the court determined SERB's decision to be supported by substantial evidence and thus affirmed it. The board of education now appeals from that common pleas court determination and presents the following three assignments of error for our review:

## I

"The trial court's determination that SERB's decision was based on substantial evidence is clearly erroneous and not supported by the record."

## II

"The trial court erred as a matter of law when it failed to give deference to the arbitrator's interpretation of the collective bargaining agreement."

## III

"The trial court erred as a matter of law when it failed to give deference to the arbitrator's determination that the unions waived their right to challenge abolition of the steamfitter foreman position."

The board of education contends that the trial court erred in affirming the SERB order because it is not supported by substantial evidence in the record and that the court should have deferred to the arbitrator's findings. SERB argues that its order is supported by substantial evidence in the record, that the court should not defer to the arbitrator's findings, because the parties stipulated to the use of the arbitrator's decision only for the purpose of taking judicial notice of the arbitrator's credibility findings, and that SERB has exclusive jurisdiction for deciding a claim of unfair labor practices pursuant to R.C. Chapter 4117.

The issue, then, concerns whether the court abused its discretion in affirming the decision of SERB that determined that Pipefitters Local 120 is the deemed-certified bargaining representative of the bargaining unit of steamfitters and steamfitter foremen and that the board of education committed an unfair labor practice by unilaterally transferring work outside the unit.

Our standard of review is different from that of a trial court examining a SERB order. In *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 533 N.E.2d 264, the court explained the standard of review when an appellate court reviews the decision of an administrative agency, and stated at 260–261, 533 N.E.2d at 267:

"In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion."

Further, the court stated in its syllabus in that case that a trial court should afford due deference to SERB's interpretations of R.C. Chapter 4117, and should affirm the decision as long as it is supported by substantial evidence in the record. This is obviously different from a trial court's review of an arbitrator's decision interpreting terms of a collective bargaining agreement, where the court must defer to the arbitrator's decision. That is not the case, however, where a trial court or an appellate court reviews a decision of SERB.

In *State ex rel. Brecksville Edn. Assn. v. State Emp. Relations Bd.* (1996), 74 Ohio St.3d 665, 666, 660 N.E.2d 1199, 1200, fn. 1, the court recognized:

"[A] deemed certified collective bargaining agent is the employee representative who bargained with the employer on behalf of public employees in a collective bargaining relationship that predated the passage of the Ohio Collective Bargaining Act."

In *Ohio Council 8 v. Cincinnati* (1994), 69 Ohio St.3d 677, 682, 635 N.E.2d 361, 364, the court clarified that deemed-certified status extends to the unit as well as the representative and stated:

" 'It is clear \* \* \* that the legislature intended that those *bargaining units* in existence [prior to the effective date of the act] *would remain intact.*' (Emphasis added.) *Univ. of Cincinnati, Univ. Hosp. v. State Emp. Relations Bd.* (1988), 42 Ohio App.3d 78, 81, 536 N.E.2d 408, 411."

Finally, in addressing the reassignment of work to persons outside a bargaining unit, the court stated in paragraph three of its syllabus in *Lorain City Bd. of Edn., supra:*

"The reassignment of work previously performed by members of a bargaining unit to persons outside the unit is a mandatory subject for collective bargaining under R.C. 4117.08(A) and (C)."

■ In this case, the parties agree that Pipefitters Local 120 has served as the employee representative of the steamfitters and steamfitter foremen since 1913 and has been bargaining with the board of education on their behalf since prior to enactment of the Ohio Collective Bargaining Act. Thus, SERB's finding that Pipefitters Local 120 is the deemed-certified representative of the deemed-certified unit of steamfitters and steamfitter foremen is supported by substantial evidence in the record.

■ Further, the board of education unilaterally reassigned the work previously performed by the steamfitter foreman to the plumber foreman, a person outside the unit. Hence, this reassignment is a mandatory subject for collective bargaining under R.C. 4117.08(A) and (C), and SERB's finding that the board of education committed an unfair labor practice is also supported by substantial evidence in the record.

Additionally, because the trial court reviewed a decision of SERB interpreting R.C. Chapter 4117, not the decision of the arbitrator, it had no duty to defer to the arbitrator's decision.

■ Accordingly, the trial court did not abuse its discretion when it found the SERB decision supported by substantial evidence in the record, and the court did not err in failing to defer to the arbitrator's decision. Therefore, the decision of the common pleas court is affirmed.

*Judgment affirmed.*

NAHRA, P.J., and TIMOTHY E. MCMONAGLE, J., concur.

## In re DISPOSITION OF PROPERTY HELD BY GEAUGA COUNTY SHERIFF.█