198

The State, ex rel. Great Lakes College, Inc., Appellant,
*v.* State Medical Board, Appellee.

(No. 71-363—Decided March 15, 1972.)

*Messrs. Brannon, Ticktin, Baron & Mancini* and *Mr. Russell Z. Baron,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. I. B. Marks* and *Mr. A. W. Hoguet,* for appellee.

CORRIGAN, J. Two propositions of law are pressed by appellant in this appeal. First, appellant asserts a right to be heard in the determination by the board of its status as a school of instruction in its chosen limited medical field.

R. C. 4731.19 provides that:

"The State Medical Board *shall determine the standing* of the schools, colleges, institutions, or individuals giving instruction in limited branches of medicine or surgery. If there shall at any time be such schools, colleges, institutions, or individuals giving instruction in such limited branches, the applicant for such certificate shall, as a condition of admission to the examination, produce a diploma or certificate from such a school, college, institution, or in-

dividual in good standing as determined by the board, showing the completion of the required courses of instruction.

"The entrance examiner of the board shall determine the sufficiency of the preliminary education of applicants for such limited certificate as is provided in Section 4731.-09 of the Revised Code. * * *" (Emphasis added.)

In the absence of supplemental Code sections providing criteria upon which the State Medical Board is to base its decision of *standing*, one may reasonably conclude that such power is left to the discretion of the board. However, such discretion must be exercised cautiously to safeguard the rights of those concerned. Further, although R. C. 4731.19 states that the entrance examiner of the board is charged with determining "the sufficiency of the preliminary education of the applicants for such limited certificates," the Court of Appeals concluded: "Apparently, the ultimate determination by respondent as to the standing of a school is made when a graduate of the school applies to take an examination for a certificate to practice a limited branch of medicine."

When the State Medical Board took *ex parte* action by withdrawing "approval" of The Great Lakes College, Inc., we feel that the State Medical Board exceeded its authority, acted arbitrarily and in violation of the constitutional rights of due process which must be afforded the relator, namely, notice and an opportunity to be heard.

Respondent is charged with the responsibility to determine the "standing" of the relator. To arbitrarily withdraw approval and deny entrance to an examination for licensure to all of relator's graduates is to deny fundamental due process to relator.

The second proposition of law advanced by appellant is that respondent's motion to dismiss should have been denied as relator's complaint in mandamus was not only in the form but also in the substance of a proceeding in mandamus and not that of a proceeding for mandatory injunction.

Mandamus is defined in R. C. 2731.01, as follows:

"Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

In 35 Ohio Jurisprudence 2d 271, Mandamus, Section 25, it is said: "If the case is otherwise proper, it is well settled that a writ of mandamus may issue to correct an abuse, or at least a gross abuse of discretion, or action which is arbitrary, tyrannical, or unreasonable."

We are not unmindful of the language in 29 Ohio Jurisprudence 2d 230, Injunctions, Section 52, which reads: "* * * It [mandatory injunction] most frequently issues to compel a party to restore a status which he has wrongfully changed."

In the instant case, no restoration of position is sought. Relator seeks by way of mandamus to have the State Medical Board grant an opportunity to be heard in the determination of relator's "standing," as per R. C. 4731.19.

To deny relator the right of such opportunity to be heard is, we feel, clearly an abuse of discretion. As this court held in *State, ex rel. Coen,* v. *Indus. Comm.* (1933), 126 Ohio St. 550:

"A writ of mandamus will issue only when a clear right thereto appears; and while it will compel a public official, commission or inferior court to perform a statutory obligation, it will not lie to control the discretion confided to such officer, commission or inferior tribunal, *but only to correct the abuse of such discretion, if it clearly appears the same has been abused.* (*Board of Education* v. *State, ex rel. Wickham,* 80 Ohio St. 133, and *State, ex rel. Masters,* v. *Beamer et al., Board of Education,* 109 Ohio St. 133, approved and followed.)" (Emphasis added.)

In *State, ex rel. Selected Properties,* v. *Gottfried* (1955), 163 Ohio St. 469, 475, the court said:

"* * * The primary function of an injunction is to restrain motion and to enforce inaction, while the purpose of mandamus is to set in motion and to compel action. An injunction ordinarily is employed to prevent future injury,

while the purpose of mandamus is to redress past grievances."

To grant an opportunity to be heard and thus afford the relator procedural due process is affirmative action which will correct the board's abuse of discretion. We feel that mandamus is a proper remedy to compel the State Medical Board to give such an opportunity to relator.

For that reason, the judgment of the Court of Appeals is reversed and the cause is remanded.

*Judgment reversed and cause remanded.*

Schneider, Herbert, Victor and Stern, JJ., concur.
O'Neill, C. J., and Leach, J., concur in the judgment.

Victor, J., of the Ninth Appellate District, sitting for Duncan, J. Judge Victor of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" Justice Duncan and Judge Victor did so and heard and considered this cause prior to the resignation of Justice Duncan on November 28, 1971.

Leach, J., concurring in judgment. My concurrence in the judgment to reverse and to remand is predicated on the fact that the complaint, filed in the Court of Appeals, alleged that the "action of respondent was without any prior notice to relator of such intent; without any opportunity afforded to relator to appear at said hearing to protect its interests" and "that if respondent had discretion and authority to take such action, its discretion was abused in that it exercised it in an unreasonable and arbitrary fashion"; and that by filing its motion to dismiss (Civ. R. 12 [B] [6]) in the Court of Appeals, such allegations were admitted as being true for the purpose of such motion.

O'Neill, C. J., concurs in the foregoing concurring opinion.