THE STATE, EX REL. POTTEN, APPELLANT, *v.*
KUTH, DIR., ET AL., APPELLEES.
THE STATE, EX REL. KENNEDY, APPELLANT, *v.*
BUTLER COUNTY WELFARE DEPARTMENT ET AL., APPELLEES.

[Cite as State, ex rel. Potten, v. Kuth (1980),
61 Ohio St. 2d 321.]

(Nos. 79-495 and 79-538—Decided March 19, 1980.)

322

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee* and *Mr. James E. Melle,* for appellant Potten.

*Mr. Everett E. Landen,* for appellant Kennedy.

*Mr. John F. Holcomb,* prosecuting attorney, and *Mr. Shafter W. Prather,* for appellees.

CELEBREZZE, C. J.   An action in mandamus is the proper course for appellants to follow to compel reinstatement. The appointing authority may, in a mandamus action to enforce an

order of the State Personnel Board of Review disaffirming a layoff, assert the affirmative defense of an abuse of discretion by the board. *State, ex rel. Ogan,* v. *Teater* (1978), 54 Ohio St. 2d 235, paragraph three of the syllabus. The Butler County Welfare Department in the cases at bar has made such a defense.

This court may find an abuse of discretion only where the board's order is contrary to the law, or where there is no evidence to support its decision. Despite this rigid standard, we find that the Court of Appeals was correct in denying the writs.

In case No. 79-538 (Kennedy's case), the hearing examiner found that the welfare department did not comply with the procedural requirements of Ohio Adm. Code 123:1-41-09 and 123:1-41-10, as well as Department of Administrative Services Personnel Procedure Memo No. 3. In case No. 79-495 (Potten's case), the hearing examiner found that the welfare department did not comply with these same procedural requirements and, in addition, that the department did not present sufficient evidence to support a finding that there was a lack of work for the position held by appellant.

Pursuant to R. C. 124.32, the Director of Administrative Services has promulgated Ohio Adm. Code Chapter 123:1-41. This chapter regulates the procedure by which employees in the classified state service can be laid off.

Ohio Adm. Code 123:1-41-09(A) states:

"Fourteen days prior to any layoff each appointing authority which finds it necessary to lay off any employee(s) under 123:1-41-01(A) shall prepare and post for inspection in a conspicuous and public place a list containing the names, dates of appointment, types of appointment, status, classification and retention points of all employees in that classification series and indicate thereon which employees will be laid off under 123:1-41-01(A)."

Ohio Adm. Code 123:1-41-10 provides in relevant part:

"(A) Each employee to be laid off shall be given advance written notice of the layoff by the appointing authority.***

"(B) Each notice of layoff or displacement shall contain the following information:

"(1) The reason for layoff or displacement.

"(2) The date layoff or displacement becomes effective.

"(3) The employee's retention points.

"(4) The right of such employee to appeal to the State Personnel Board of Review and the time limit within which to file an appeal.

"(5) A statement advising the employee of the right to displace another employee and the length of time within which the employee may displace (bump) another employee.

"(6) A statement advising the employee of the right to reinstatement or reemployment.

"(7) A statement that, upon request by the employee, the appointing authority will make available a copy of Chapter 123:1-41."

Department of Administrative Services Personnel Procedure Memo No. 3 is not a regulation filed pursuant to R. C. Chapter 119. As a consequence it confers no procedural rights upon appellants. It is advisory in nature and is designed to insure that layoffs are made for legitimate reasons. Failure to follow this memorandum does not render a layoff invalid. The orders of the board of review must be justified by one of the other stated reasons for disaffirming the layoffs, otherwise these orders must be held to be an abuse of the board's discretion.

The Court of Appeals, at its hearing on the complaint in mandamus, heard much testimony regarding the discharges in the cases at bar. Because the sole issue before the Court of Appeals in each case was whether the board of review abused its discretion, the court erred in considering evidence which was not before the board. However, a review of the testimony and exhibits before the board of review shows that the court did not err in denying the writs.

Appellant Kennedy offered no evidence to the board of review regarding the notice he received from the welfare department. He was late in appearing, did not attempt to have anything admitted in evidence, and asked only a few questions relating to the reason for his layoff. At the close of the hearing he made the conclusory statement that he did not believe the proper procedure had been followed.

Normally the burden of proof is placed on the party alleging the affirmative. The burden of proving, on review, the fac-

tual basis for an administrative decision is on the agency. This is because review of agency decisions is the equivalent of a trial *de novo* regarding the agency's actions, with the agency having the burden of proving factual allegations to support those actions. *Cupps* v. *Toledo* (1961), 172 Ohio St. 536. The agency's actions are reviewed to insure that the agency was not acting on the basis of assumed facts which no other party could discover.

However, procedural defects are quite different. The validity of an administrative action is not conditioned on proper procedure, though such action can be rendered void by a showing of procedural defects. This is partly because the challenger is normally in the best position to know of the defects. The burden of proving that the procedure used to lay off a classified civil service employee was defective in a removal hearing before the State Personnel Board of Review is on the employee.

The record clearly indicates that Kennedy did not support his claim of procedural defects. The board's findings that the welfare department failed to follow proper procedure in the discharge of Kennedy are contrary to law and manifestly against the weight of the evidence.

The board did not, as it did in Potten's case, find that the reason given for the discharge was unsupported by the evidence. The only basis for its decision was procedural difficulties. Ample evidence of lack of funds was before the board. We hold that the board of review abused its discretion in disaffirming the layoff of Kennedy.

In the matter of the Potten appeal, the evidence disclosed the receipt of the letter which notified him of his layoff, and the list which notified the department of proposed layoffs but did not include his name. The welfare department had the memorandum announcing Potten's layoff, which was circulated through the department, admitted in evidence. These documents indicate sufficient compliance with the procedural requirements of Ohio Adm. Code Chapter 123:1-41 to render the layoff of Potten procedurally valid.

In order for a layoff to be effective, the appointing authority must substantially comply with the procedural requirements promulgated by the Director of Administrative

Services pursuant to R. C. 124.32. See *State, ex rel. Brittain,* v. *Board of Agriculture* (1917), 95 Ohio St. 276; *State, ex rel. Bay,* v. *Witter* (1924), 110 Ohio St. 216, 221. Whether an agency substantially complies must be decided on a case-by-case basis. In the case at bar, the evidence before the board of review clearly showed substantial compliance with Ohio Adm. Code 123:1-41-09 and 123:1-41-10.

Potten's dismissal letter, in relevant part, stated:

"You may by this time have heard rumblings of the austerity program our Agency is being forced to initiate. Nonmandated services of Transportation, Chore, Housing Specialist are being closed out, 22 Family Service Aides are being reduced to a part-time basis; and the part-time position you are presently holding can no longer be maintained. In this very necessary move to bring our expenses in line it is necessary to both lay you off and delete the position of a part-time Investigator 2, effective Friday, May 7, 1976 at 5:00 P.M.

"You will retain reinstatement rights to your original class in this agency for one calendar year from the effective date above. Likewise, you will retain re-employment rights to other agencies within this jurisdiction within the same period. Both reinstatement and re-employment will be based upon retention points which are 123 and every attempt will be made to place you in a position similar to your present one in this or another agency as soon as possible.

"* * * Should you want a copy of Ohio Revised Code Section 143.13 on Layoffs we will be happy to furnish you with one."

This letter clearly contains five of the seven items required to be in the notification of layoff under Ohio Adm. Code 123:1-41-10. The offer of a copy of the old statute on layoffs in effect notified Potten that any relevant provision regarding layoffs, including Chapter 123:1-41, would be provided to him upon request.

One of the items not clearly contained in the letter is Potten's right to displace another employee. In informing Potten of the right of reinstatement for a one-year period based on retention points, the essence of the displacement right was conveyed. The letter does not specifically inform Potten of his right to appeal to the State Personnel Board of Review;

however, testimony revealed that Potten was told of his right of appeal orally. Because these defects in the notice are minor in nature and because they were conveyed to Potten in another form, we find that the letter substantially complied with Ohio Adm. Code 123:1-41-10.

Ohio Adm. Code 123:1-41-09 requires the posting of a list of names and other information regarding proposed layoffs. The purpose of this requirement is to inform others of the layoffs, allowing comment on them and making others aware of the reasons for the layoffs.

The list was posted and it contained all the information required to be on the list under Ohio Adm. Code 123:1-41-10. The memorandum, circulated to all staff, effectively added Potten's name to the list and incorporated the contents of the list. Although a few of the items required in Ohio Adm. Code 123:1-41-10 were not contained in the memorandum or the list regarding Potten, together these items constitute substantial compliance with Ohio Am. Code 123:1-41-10. The board's finding on this matter was manifestly against the weight of the evidence and contrary to law.

In Potten's case, the hearing examiner found that there was insufficient evidence to demonstrate a lack of work. The dismissal letter sent to Potten made it clear that both lack of work and lack of funds were involved when it stated, "[i]n this very necessary move to bring our expenses in line it is necessary to both lay you off and delete***[your] position***." The memorandum circulated in the department cited a lack of work and amended the list which cited a lack of funds. The welfare department, facing a shortage of funds, was forced to eliminate less necessary positions.

The hearing examiner failed to recognize that lack of funds was involved. There was ample evidence that the welfare department had severe fiscal problems.* In addition, uncontradicted testimony revealed that Potten had been paid for only 17 of the 88 pay periods which occurred during the years he worked for the department. Clearly, his position was expendable in a time of fiscal difficulties. The combination of lack of work and funds was shown by uncontradicted evidence

---

* In Kennedy's case, the hearing examiner implicitly acknowledged that there was a lack of funds by not basing his decision upon a failure to prove a lack of funds.

and justifies the actions of the welfare department. The board of review's finding on this matter was contrary to law and manifestly against the weight of the evidence.

There being no other basis for the board's order in case No. 79-495, we find that this decision too was an abuse of the board's discretion.

Accordingly, the judgments of the Court of Appeals denying the writs are affirmed.

*Judgments affirmed.*

HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.