[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 133.]

THE STATE EX REL. ALBEN ET AL. *v.* STATE EMPLOYMENT RELATIONS BOARD.

[Cite as *State ex rel. Alben v. State Emp. Relations Bd.*, 1996-Ohio-120.]

*Mandamus to compel State Employment Relations Board to vacate its dismissal of relators' unfair labor practice charges and to hold a hearing on the charges—Writ denied, when.*

(No. 95-1380—Submitted May 21, 1996—Decided July 24, 1996.)

IN MANDAMUS.

_____

{¶ 1} The Columbus Board of Education ("CBE") employs relators, Barbara Alben et al., a group of forty-five tutors. Relators are certified teachers employed primarily to educate special-needs or learning-disabled students as part of programs enacted by the federal government and approved by the Ohio Department of Education. The most frequent use of tutors, particularly after the enactment of federal and state handicapped education laws in the mid-1970s, was in the area of special education and in federally funded programs to assist disadvantaged pupils in reading, mathematics, and other subjects (the so-called "Title I" and "Chapter I" programs). Baker & Carey, Baker's 1995-96 Handbook of Ohio School Law (1995) 361, Section 7.44.1. The Columbus Education Association ("CEA"), an affiliate of the Ohio Education Association ("OEA"), purports to represent relators as their exclusive bargaining agent in collective bargaining with CBE.

{¶ 2} On September 2, 1994, relators filed unfair labor practice charges against CBE and CEA/OEA with respondent, State Employment Relations Board ("SERB"), within ninety days of June 6, 1994, the effective date of the collective bargaining agreement. The applicable provisions of the collective bargaining

agreement became effective on September 1, 1994. Relators subsequently amended the charges in October 1994 to add additional charging parties.

{¶ 3} Relators charged that CEA/OEA had violated R.C. 4117.11(B)(1) and (6) by (1) unfairly representing tutors in negotiating terms and conditions of employment drastically different from those of similarly situated teachers and in violation of decisions of this court, (2) negotiating a settlement in 1992 which precluded tutors from eligibility for continuing contracts, and (3) including tutors in the bargaining unit when they were not part of the deemed certified unit.

{¶ 4} Relators also charged that CBE had violated R.C. 4117.11(A)(1) and (8) by (1) knowingly entering into a contract in which similarly situated persons are treated disparately, and (2) entering into an illegal contract with CEA/OEA where the contract attempted to dictate terms of employment to employees who were not part of the deemed certified unit. Relators demanded to be paid by CBE in a manner commensurate with similarly situated teachers or in accordance with the R.C. 3317.13 minimum salary schedule for teachers.

{¶ 5} In decisions issued in March 1995, SERB dismissed relators' unfair labor practice charges, indicating as to each charge the following:

"Pursuant to Ohio Revised Code Section 4117.12, the Board conducted an investigation of this charge. The investigation reveals that there is no probable cause to believe that the Charged Party has violated Ohio Revised Code Section 4117.11. The information gathered during the investigation failed to support the probability of any unlawful motivation or conduct ***. Also, the events giving rise to the charge occurred more than ninety (90) days prior to the filing of the charge. Accordingly, the charge is dismissed."

{¶ 6} Relators subsequently filed a complaint for a writ of mandamus to compel SERB to vacate its dismissals and hold a hearing on the unfair labor practice charges. Attached to the complaint was an affidavit of relators' counsel. After SERB filed an answer in which it stated that it did not abuse its discretion in

2

dismissing relators' unfair labor practice charges, we issued an alternative writ and schedule for the presentation of evidence and briefs. The parties did not file any further evidence.

———————————

*Schottenstein, Zox & Dunn*, *James E. Davidson, Susan Porter* and *Marie-Joelle C. Khouzam*, for relators.

*Betty D. Montgomery*, Attorney General, and *Andrea F. Rocco*, Assistant Attorney General, for respondent.

———————————

***Per Curiam.***

*Standard of Review, Burden of Proof, and Evidence*

**{¶ 7}** Relators assert in their various propositions of law that SERB abused its discretion in dismissing their unfair labor practice charges against CBE and CEA/OEA. R.C. 4117.12(B) provides that "[w]hen anyone files a charge with the board alleging that an unfair labor practice has been committed the board or its designated agent shall investigate the charge. If the board has probable cause for believing that a violation has occurred, the board shall issue a complaint and shall conduct a hearing concerning the charge."

**{¶ 8}** Probable cause determinations by SERB under R.C. 4117.12(B) are not reviewable by direct appeal. See *Ohio Assn. of Pub. School Emp., Chapter 643, AFSCME, AFL-CIO v. Dayton City School Dist. Bd. of Edn.* (1991), 59 Ohio St.3d 159, 572 N.E.2d 80, syllabus. However, mandamus is an appropriate remedy where no statutory right of appeal is available to correct an abuse of discretion by an administrative body like SERB. *State ex rel. Glass, Molders, Pottery, Plastics & Allied Workers Internatl. Union, Local 333, AFL-CIO, CLC v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 157, 159, 609 N.E.2d 1266, 1267. A writ of mandamus will thus issue to correct an abuse of discretion by SERB in dismissing unfair labor practice charges. See *State ex rel. Ohio Assn. of Pub. School Emp./AFSCME, AFL-*

*CIO v. State Emp. Relations Bd.* (1992), 64 Ohio St.3d 149, 151-153, 593 N.E.2d 288, 290-291. An abuse of discretion implies an attitude that is unreasonable, arbitrary, or unconscionable. *State ex rel. Brenders v. Hall* (1995), 71 Ohio St.3d 632, 637, 646 N.E.2d 822, 826. In addition, due deference must be afforded to SERB's interpretation of R.C. Chapter 4117. *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 533 N.E.2d 264, paragraph two of the syllabus.

{¶ 9} In order to be entitled to the requested writ of mandamus compelling SERB to vacate its dismissals, issue a complaint, and hold a hearing on the charges, relators must thus establish that SERB abused its discretion in dismissing the unfair labor practice charges.

{¶ 10} SERB contends that relators failed to satisfy their burden of proof by filing no evidence in this case. More specifically, SERB asserts that we cannot consider the affidavit of relators' counsel, which was filed with their complaint. SERB bases the foregoing assertion on *State ex rel. Copeland v. State Med. Bd.* (1923), 107 Ohio St. 20, 140 N.E. 660, paragraph two of the syllabus ("Affidavits attached to a petition and by proper averments made a part thereof may not properly be considered as evidence, and do not tend to support the petition or sustain the burden of proof required to be met by plaintiff upon issue joined by an answer."). However, *Copeland* did not interpret S.Ct.Prac.R. X, which applies to original actions, other than habeas corpus, filed in this court. S.Ct.Prac.R. X(7) provides that "[t]o facilitate the consideration and disposition of original actions, counsel, when possible, should submit an agreed statement of facts to the Supreme Court. All other evidence should be submitted by affidavits, stipulations, depositions, and exhibits." Therefore, the affidavit of relators' counsel filed with the complaint constitutes evidence which is properly before the court.

**{¶ 11}** Nevertheless, we will not consider relators' statements in their memorandum as evidence. These statements do not fit in any of the categories of evidence specified in S.Ct.Prac.R. X(7).

*Deemed Certified Bargaining Unit*

**{¶ 12}** Guided by the foregoing limited standard of review and considering the appropriate evidence, relators' main argument is that they are entitled to extraordinary relief in mandamus because CBE and CEA/OEA committed unfair labor practices by unlawfully including relators in the deemed certified bargaining unit. Relators rely on *Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL-CIO v. Cincinnati* (1994), 69 Ohio St.3d 677, 635 N.E.2d 361, syllabus, which held that under Section 4(A) of Am.Sub.S.B. No. 133, "adjustments or alterations to deemed certified collective bargaining units are not permitted until challenged by another employee organization." A deemed certified collective bargaining unit is the historical unit in which the employee representative bargained with the employer on behalf of public employees in a collective bargaining relationship that predated the April 1, 1984 passage of the Ohio Collective Bargaining Act. *State ex rel. Brecksville Edn. Assn. v. State Emp. Relations Bd.* (1996), 74 Ohio St.3d 665, 666, 660 N.E.2d 1199, 1200, fn. 1.

**{¶ 13}** Relators contend that they and other tutors employed by CBE were not included in the deemed certified bargaining unit and that they were improperly added to the unit in 1987. According to relators, they "properly brought information to SERB showing that they had a clear legal right to relief, as they had been improperly included in the deemed-certified bargaining unit ***." As previously noted, before a writ of mandamus will issue, a clear legal right thereto must be proven, and the burden of establishing such right is on relators. *State ex rel. Fant v. Sykes* (1986), 28 Ohio St.3d 90, 91, 28 OBR 185, 186, 502 N.E.2d 597, 598-599.

**{¶ 14}** Contrary to relators' assertions, they introduced no evidence in the instant case that establishes that they were not included in the deemed certified bargaining unit. Relators' counsel's affidavit states merely that relators "asserted" in their charges filed with SERB that tutors were not part of the deemed certified unit. Relators did not adduce either SERB's investigative file or the "information" they now claim they provided to SERB during its investigation. There is also no indication that relators ever attempted to obtain a copy of SERB's investigative file. See *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 498, 589 N.E.2d 24, paragraph one of the syllabus ("Investigatory files compiled by the State Employment Relations Board pursuant to R.C. 4117.12 must be disclosed upon request pursuant to R.C. 4117.17 and 149.43 unless an *in camera* inspection demonstrates that all or any portions of the files are excepted from disclosure."). Under these circumstances, relators have not introduced sufficient evidence to satisfy their burden of proof that SERB abused its discretion in dismissing for lack of probable cause their unfair labor practice charges as to relators' unlawful inclusion in the deemed certified unit.

**{¶ 15}** In addition, in their brief, relators rely on a recognition clause purportedly fixing the composition of the deemed certified bargaining unit on April 1, 1984. Assuming that relators had properly introduced this agreement as evidence in SERB's investigation and before us here, the alleged recognition clause provides that the bargaining unit includes the "certified teaching employees of the Columbus City School District ***." Since relators are certified teachers, they would be part of the deemed certified bargaining unit. Therefore, even when considering relators' argument as evidence, it is apparent that relators are part of the deemed certified bargaining unit.

**{¶ 16}** Finally, we recently distinguished *Ohio Council 8*, in holding that "Section 4(A) of Am.Sub.S.B. No. 133 does not deprive the State Employment Relations Board of jurisdiction to consider a petition jointly filed by an employer

and an exclusive bargaining representative requesting SERB to amend the composition of a deemed certified bargaining unit." *Brecksville, supra*, at syllabus. Consequently, assuming, *arguendo*, that relators were not part of the deemed certified bargaining unit, CBE and CEA could have properly petitioned SERB to amend the unit to include them.

{¶ 17} Accordingly, relators are not entitled to a writ of mandamus to compel SERB to vacate its dismissals of the unfair labor practice charges relating to realtors' unlawful inclusion in the deemed certified collective bargaining unit.

*Disparate Treatment of Similarly Situated Employees*

{¶ 18} Relators further contend that SERB erred in dismissing their unfair labor practice charges against CBE and CEA/OEA for lack of probable cause where relators gave information to SERB that CEA "had negotiated terms and conditions of employment that were substantially less than similarly-situated teachers." The evidence establishes that relators do not receive the same wages and benefits as non-tutor teachers.

{¶ 19} By definition, individual or small group instruction for handicapped children such as that provided by relators is "supplementary in nature" and does not involve the same responsibilities as teachers instructing regular classes. See Ohio Adm.Code 3301-51-03(C)(1)(a) and (C)(6)(c). While these different responsibilities do not require different compensation, we have recognized the general rule that an hourly rate for tutors which is agreed upon in a collective bargaining agreement may be less than the rate of compensation provided to other teachers by a salary schedule. *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 32, 641 N.E.2d 188, 194; *State ex rel. Burch v. Sheffield-Sheffield Lake City School Dist. Bd. of Edn.* (1996), 75 Ohio St.3d 216, 219, 661 N.E.2d 1086, 1089; Baker & Carey, *supra*, at 362, Section 7.44.1. The mere fact that a negotiated collective bargaining agreement results in a detriment to one group of employees does not establish an unfair labor practice. See,

generally, Annotation, What Constitutes Unfair labor Practice Under State Public Employee Relations Acts (1981), 9 A.L.R.4th 20, 107-108, Section 22.

{¶ 20} Additionally, relators failed to introduce sufficient evidence to establish entitlement to compensation commensurate with that received by non-tutor teachers. Much of the "evidence" relators rely on is taken from their memorandum in support filed with their complaint. As previously discussed, this does not constitute appropriate evidence under S.Ct.Prac.R. X(7).

{¶ 21} Therefore, relators have not established that SERB abused its discretion in dismissing their unfair labor practice charges for lack of probable cause.

*Timeliness*

{¶ 22} Relators claim that SERB abused its discretion in dismissing their unfair labor practice charges on the alternative basis that "the events giving rise to the charge[s] occurred more than ninety (90) days prior to the filing of the charge[s]."

{¶ 23} R.C. 4117.12(B) does not require SERB to issue findings of fact to support a dismissal of an unfair labor practice charge prior to issuing a complaint. Cf. R.C. 4117.12(B)(3), requiring SERB to state findings of fact in a decision following the issuance of a complaint and evidentiary hearing on unfair labor practice charges. Nevertheless, when a genuine controversy exists regarding when an unfair labor practice occurs, SERB "should be required to give some explanation" if it dismisses a charge based on untimeliness. See *Ohio Assn. of Pub.School Emp./ AFSCME, AFL-CIO, supra,* 64 Ohio St.3d at 152, 593 N.E.2d at 291. The court issued a limited writ of mandamus to compel SERB in the foregoing case to consider all of the facts and circumstances relevant to the question of timeliness and to issue an explanation. *Id.* at 153, 593 N.E.2d at 292.

{¶ 24} *Ohio Assn. of Pub. School Emp./ AFSCME, AFL-CIO* is inapposite for the following reasons. First, SERB did not err in dismissing relators' unfair

labor practice charges relating to the alleged 1992 tutor settlement because the 1992 agreement became effective more than ninety days prior to the filing of the charges.

{¶ 25} Second, SERB's reliance on a finding of untimeliness to support dismissal of the charges was in addition to its finding of lack of probable cause. As detailed previously, relators have not established that SERB abused its discretion in dismissing relators' unfair labor practice charges based on its finding of a lack of probable cause to support a violation of R.C. 4117.11. A reviewing court is not authorized to reverse a correct decision merely because erroneous reasons were assigned as a basis thereof. *State ex rel. Levin v. Schremp* (1995), 73 Ohio St.3d 733, 735, 654 N.E.2d 1258, 1261. Assuming that SERB erred in finding all of relators' charges to be untimely, mandamus will not lie because SERB properly dismissed the charges on the alternate basis that there was no probable cause for believing that an unfair labor practice had been committed by CBE or CEA/OEA.

*Conclusion*

{¶ 26} Relators have not established a clear legal right to the requested extraordinary relief in mandamus. Although relators allege that SERB's dismissals are "contrary to the evidence," they have introduced neither SERB's investigative file nor evidence which they claim to have provided SERB during its investigation. Relators have not introduced sufficient evidence to prove that SERB abused its discretion in dismissing relators' unfair labor practice charges due to a lack of probable cause. Accordingly, the writ is denied.

*Writ denied.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

———————————