JOURNAL ENTRY AND OPINION
{¶ 1} On April 12, 2002, the petitioner, Daoud Muntaser, commenced this habeas corpus action to reduce bail. In the underlying case, Stateof Ohio v. Dacud Muntaser, Cuyahoga County Common Pleas Court Case No. Cr. 419720, Mr. Muntaser is charged with one count of murder and multiple counts of arson. Bail is set at $1,000,000. He has twice moved the trial court to reduce bail, and the trial court has denied those motions. This court has before it the petition for habeas corpus, including various docket entries from the underlying case and Mr. Muntaser's affidavit, the docket from the underlying case, the respondent's brief in opposition, including the affidavit of the prosecutor, and the transcript of the bond reduction hearing. Accordingly, the matter is ripe for disposition.
{¶ 2} The principles governing habeas corpus in these matters are well established. Under both the United States and Ohio Constitutions, "excessive bail shall not be required." If the offense is bailable, the right to reasonable bail is an inviolable one which may not be infringed or denied. In re Gentry (1982), 7 Ohio App.3d 143, 454 N.E.2d 987 andLewis v. Telb (1985), 26 Ohio App.3d 11, 497 N.E.2d 1376. The purpose of bail is to secure the attendance of the accused at trial. Bland v.Holden (1970), 21 Ohio St. 238, 257 N.E.2d 238. In Ohio, the writ of habeas corpus protects the right to reasonable bail. In re Gentry. A person charged with the commission of a bailable offense cannot be required to furnish bail in an excessive or unreasonable amount. In reLonardo (1949), 86 Ohio App. 289, 89 N.E.2d 502. Pursuant to Crim.R. 46, in determining what is reasonable bail, the court must consider all relevant information, including but not limited to the nature and circumstances of the offense charged, the weight of the evidence, confirmation of the defendant's identity, the accused's history of flight or failure to appear at court proceedings, his ties to the community, including his family, financial resources and employment, and his character, including any prior convictions, and mental condition. Each bail case must be judged on its own merits and the peculiar circumstances presented. In the Matter off Nabil Ghali (1996), Cuyahoga App. No. 71334. After weighing these factors, the trial court sets the amount of bail within its sound discretion. In a habeas corpus action to contest the reasonableness of bond, this court must determine whether the trial court abused its discretion. Jenkins v. Billy (1989), 43 Ohio St.3d 84,584 N.E.2d 1045; In re Gentry; Lewis; and In re Green (1995),101 Ohio App.3d 726, 656 N.E.2d 705.
{¶ 3} An abuse of discretion means more than an error of law or an error of judgment. It means an action which is arbitrary, unreasonable, tyrannical, unconscionable or clearly against reason and evidence. When a court does not exercise discretion in the sense of being circumspect, prudent and exercising cautious judgment, there is an abuse of discretion. Alternatively, abuse of discretion has been defined as "a view or action that no conscientious judge, acting intelligently, could have honestly taken." State ex rel. Wilms v. Blake (1945),144 Ohio St. 619, 624, 60 N.E.2d 308, citing Long v. George (1936),296 Mass. 574, 579, 7 N.E.2d 149; Gentry; State ex rel. Great LakesCollege, Inc. v. State Medical Board (1972), 29 Ohio St.2d 198,280 N.E.2d 900; State ex rel. Alben v. State Employment Relations Board,76 Ohio St.3d 133, 1996-Ohio-120, 666 N.E.2d 1119; and State ex rel.Bryant v. Kent City School District Board off Education (1991),71 Ohio App.3d 748, 595 N.E.2d 405. Cf. State ex rel. Potten v. Kuth
(1980), 61 Ohio St.2d 321, 322, 401 N.E.2d 929 — "This court may find an abuse of discretion only where the board's order is contrary to law, or where there is no evidence to support its decision."
{¶ 4} In the present case although a $1,000,000 bond is high, this court rules that the trial court did not abuse its discretion. First, Mr. Muntaser faces very serious charges, including murder through which he faces a life sentence. The prosecutor through his affidavit affirms that there is very substantial incriminating evidence against Mr. Muntaser, including an audio tape of Nisar Muntaser, Dauod's brother and co-defendant, which inculpates both men. Furthermore, both men are being investigated for fraud and trafficking in food stamps. Even more serious, Nasir Muntaser has orally stated that if given a chance he would flee to Mecca through Canada and that he and his brother have passports to accomplish that goal. (Paragraph 3 of prosecutor's affidavit attached to brief in opposition). Mr. Muntaser is a naturalized citizen and has ties to foreign countries. Thus, a reasonable judge could conclude that he poses a significant flight risk to a very volatile portion of the world from which extradition could be difficult. Given these factors, it is not unreasonable, arbitrary, unconscionable or without evidence to set bail at $1,000,000.
{¶ 5} Moreover, this court has upheld similarly high bonds in similar cases. In Ghali, this court set a $3,000,000 bail for an individual who was facing a de facto life sentence and had ties to Egypt. In In the Matter of Jeff Birner v. Sheriff McFaul (Nov. 21, 2001), Cuyahoga App. No. 80408, this court ruled that a $1,000,000 bond was not an abuse of discretion in a case in which the defendant was charged with being a leader in a Canadian-American drug ring and with connections to the Philippines and organized crime in Canada. Nor was bail of $1,000,000 an abuse of discretion in a capital murder case in which the petitioner repeatedly lied about various matters. State exrel. Michael Norman v. Sheriff McFaul (Apr. 8, 1999), Cuyahoga App. No. 76231.
{¶ 6} Accordingly, this court denies Mr. Muntaser's application for a writ of habeas corpus. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
JAMES J. SWEENEY. J., and DIANE KARPINSKI. J., CONCUR.