JOURNAL ENTRY AND OPINION.
{¶ 1} On March 3, 2003, the relator, Robert Russell, commenced this habeas corpus action against the respondent, Sheriff Gerald McFaul. Russell alleges that the writ should issue because he is being held on excessive bond, $500,000, in the underlying case, State of Ohio v. RobertRussell, Cuyahoga County Common Pleas Court Case No. CR-432508. The respondent, through the Cuyahoga County Prosecutor, filed his brief in opposition. For the following reasons, this court denies the petition for a writ of habeas corpus.
 {¶ 2} In the underlying case, Russell faces the following charges: two counts of rape of a child under the age of thirteen with force specifications, five counts of felonious sexual penetration, one count of attempted rape, five counts of gross sexual imposition, and three counts of kidnapping. Because of the age of the victim and the force specifications, Russell faces life imprisonment if convicted. The trial court set bond at $500,000, and Russell moved to reduce the bond. After a hearing on this motion, the trial court continued the $500,000 bond.
 {¶ 3} The principles governing habeas corpus are well established. Under both the United States and Ohio Constitutions, "excessive bail shall not be required." In re Gentry (1982),7 Ohio App.3d 143, 454 N.E.2d 987 and Lewis v. Telb (1985),26 Ohio App.3d 11, 497 N.E.2d 1376. The purpose of bail is to secure the attendance of the accused at trial, and the amount of bail must be reasonable. Bland v. Holden (1970), 21 Ohio St. 238, 257 N.E.2d 238; Inre Lonardo (1949), 86 Ohio App. 289, 89 N.E.2d 502 and Stack v. Boyle
(1951), 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3. In Ohio, the writ of habeas corpus protects the right to reasonable bail. In re Gentry.
 {¶ 4} Pursuant to Crim.R. 46, in determining what is reasonable bail, the court must consider all relevant information including but not limited to, the nature and circumstances of the offense charged, the weight of the evidence, the accused's history of flight or failure to appear at court proceedings, his ties to the community, including his family, financial resources and employment, his character, and mental condition. After weighing these factors, the trial court sets the amount of bail within its sound discretion. In a habeas corpus action to contest the reasonableness of bond, this court must determine whether the trial court abused its discretion. Jenkins v. Billy (1989), 43 Ohio St.3d 84,584 N.E.2d 1045; In re Gentry; Lewis; and In re Green (1995),101 Ohio App.3d 726, 656 N.E.2d 705.
 {¶ 5} An abuse of discretion denotes more than an error of law or an error of judgment. It means an action which is arbitrary, unreasonable or tyrannical, unconscionable, or clearly against reason and evidence. When a court does not exercise discretion in the sense of being circumspect and prudent and exercising cautious judgment, there is an abuse of discretion. Alternatively, the term "abuse of discretion" has been defined as "a view or action that no conscientious judge, acting intelligently, could have honestly taken." State ex rel. Wilms v. Blake
(1945), 144 Ohio St. 619, 624, 60 N.E.2d 308, citing Long v. George,296 Mass. 574, 579, 7 N.E.2d 149; State ex rel. Great Lakes College,Inc. v. State Medical Board (1972), 29 Ohio St.2d 198, 280 N.E.2d 900;State ex rel. Alben v. State Employment Relations Board (1996),76 Ohio St.3d 133, 666 N.E.2d 1119; and State ex rel. Bryant v. Kent CitySchool District Board of Education (1991), 71 Ohio App.3d 748,595 N.E.2d 405. Cf. State ex rel. Potten v. Kuth (1980), 61 Ohio St.2d 321,322, 401 N.E.2d 929 ("This court may find an abuse of discretion only where the board's order is contrary to law, or where there is no evidence to support its decision.")
 {¶ 6} Russell argues that the $500,000 bond is excessive. He is a lifelong resident of Ohio and has no criminal history. His children live in northeast Ohio. Moreover, the charges arise from events occurring approximately twenty years ago. His attorney further adds that he needs Russell's assistance in preparing the defense.
 {¶ 7} In response, the respondent notes that Russell faces many, very serious charges which could result in life imprisonment. The respondent asserts that the evidence against Russell is substantial; the victim, Russell's stepdaughter, has "never wavered in any way, shape, or form with what happened to her at the hands of her stepfather." (Hearing Tr.7.) The respondent further argues that Russell's ties to the community are very weak. His employment and income are uncertain; the police could not confirm his vague allegations of business ties. He has outstanding judgments against him and has been living in his car or hotel rooms. Moreover, when the police arrested him, he provided an outdated address. At the hearing, the State also cast doubt on the strength of his family ties: he forced his mother into bankruptcy and her house into foreclosure. The State indicated that he has a history of intimidation.
 {¶ 8} In weighing and analyzing the various considerations, this court concludes that the trial court did not abuse its discretion in setting bail at $500,000. Although it is a very high bond, the charges are very serious. The Cuyahoga County Common Pleas Court Bail Investigation Guidelines recommend bond of up to $500,000 for crimes which carry a life sentence.[1] Additionally, Russell's ties to northeast Ohio are very tenuous and indicate a substantial risk of flight, which mandates a high bond. Finally, at the hearing, Russell did not refute the allegations of the prosecutor, nor did he endeavor to refute those allegations or add further evidence of his own in his petition.
 {¶ 9} Accordingly, this court denies Russell's petition for a writ of habeas corpus. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
ANN DYKE, P.J. concurs.
DIANE KARPINSKI, J. concurs.
[1] Although these guidelines recommend bond of up to $100,000 for the crime of rape, because a life sentence is possible, the guidelines for aggravated murder, which also carry a life sentence, are more appropriate.