{¶ 1} For the reasons that in this case is whether appellee's taxpayer suit was successful (i.e., was judgment in the taxpayer action granted in appellee's favor?). If appellee's taxpayer suit was successful follow, I respectfully dissent from the majority's judgment and opinion.
 {¶ 2} In my view, the issue presented, then the trial court was properly authorized to award appellee attorney's fees. If appellee's taxpayer suit was not successful, then the condition precedent to awarding appellee attorney's fees was not met and the trial court abused its discretion in awarding the fees. See R.C. 733.61; State ex rel. Milesv. McSweeney, 96 Ohio St.3d 352, 2002-Ohio-4455, 775 N.E.2d 468, at ¶ 29, citing State ex rel. Commt. for the Charter Amendment Petitionv. Avon, 81 Ohio St.3d 590, 595, 1998-Ohio-598, 693 N.E.2d 205.
 {¶ 3} The writ of mandamus sought by appellee, and which was the desired result of his taxpayer action, was never awarded to, or received by, appellee. In order to be entitled to the requested extraordinary relief in mandamus, appellee needed to establish a clear legal right to require that appellant enforce the zoning ordinances as determined by appellee, a corresponding clear legal duty on the part of appellant to so enforce the zoning laws, and the lack of an adequate legal remedy in theordinary course of the law. C.f., State ex rel. Ditmars v. McSweeney,94 Ohio St.3d 472, 2002-Ohio-997, 764 N.E.2d 971, citing State ex rel.N. Olmsted v. Cuyahoga Cty. Bd. of Elections, 93 Ohio St.3d 529, 532,2001-Ohio-1626, 757 N.E.2d 314; see, also, State ex rel. Becker v.Eastlake, 93 Ohio St.3d 502, 2001-Ohio-1606, 756 N.E.2d 1228.
 {¶ 4} Appellee did in fact have other remedies as expressed in his complaint and amended complaint. R.C. 713.13 provides for an action by "the owner of any contiguous or neighboring property who would be especially damaged by" a violation of zoning laws, permitting him or her to "institute a suit for injunction to prevent or terminate such violation." Appellee's success in negotiating a settlement granting a permanent injunction against the owners of The Elbow Room establishes the availability, and in this case, the success of an alternative remedy.
 {¶ 5} Furthermore, I note that appellee failed to establish a clear legal duty on the part of appellant to act in accordance with appellee's demands or a clear legal right to have appellant so act. "A writ of mandamus will issue only when a clear right thereto appears; and, while it will compel a public official, commission, or inferior court to perform a statutory obligation, it will not lie to control the discretion confided to such officer, commission, or inferior tribunal, but only to correct the abuse of such discretion, if it clearly appears that the same has been abused." State ex rel. Coen v. Indus. Comm.
(1933), 126 Ohio St. 550, 186 N.E. 398, syllabus; see, also, State exrel. Great Lakes College, Inc. v. Medical Bd. (1972), 29 Ohio St.2d 198,201, 280 N.E.2d 900. In the case sub judice, it is without question that appellant was investigating the issues surrounding The Elbow Room, including its designation as a bar or restaurant. How to proceed with an investigation, when to conclude an investigation, and how to go about the business of enforcing the zoning laws are issues that lie within the discretion of the enforcement officer. Absent an abuse of that discretion, a writ of mandamus will not issue to control the discretion of a municipal officer. See id. Appellee has not shown such an abuse of discretion on the part of appellant. In fact, although appellant did not contest the delay of the hearing before the Board of Zoning Appeals, proceedings to close or bring The Elbow Room into compliance with zoning ordinances were under way at the time appellee filed his action.
 {¶ 6} Since appellee was not entitled to a writ of mandamus pursuant to R.C. 733.58 and 733.59, it cannot be said that his taxpayer suit was successful. As the majority noted in its decision, attorney's fees are only available to the taxpayer when "judgment is finally entered in his favor." While appellee succeeded in obtaining an agreed judgment entry granting him an injunction against The Elbow Room and its owners, his taxpayer suit was not successful as no writ was issued. The agreed judgment entry does not find that appellee met any of the requirements for a successful taxpayer suit and it does not enter judgment in appellee's favor regarding the taxpayer suit. So, despite the trial court's finding that appellee "had good cause to believe that his allegations were well founded," appellee could not be awarded attorney's fees as a part of his costs.
 {¶ 7} Therefore, I respectfully dissent from the majority's opinion.