DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, Scioto County Board of Commissioners (Commissioners), appeal a judgment of the Scioto County Court of Common Pleas granting William Salyers's petition for writ of mandamus. The Commissioners contend the court erred in upholding the State Personnel Board of Review's decision to disallow Salyers's layoff since they substantially complied with the statutory requirements necessary to terminate Salyers's employment. Because the majority of the board failed to take formal action to authorize Salyers's layoff, it is void ab initio. Thus, we conclude the State Personnel Board of Review did not abuse its discretion when it disallowed Salyers's termination. Accordingly, we affirm the trial court's judgment granting the writ of mandamus.
 {¶ 2} In 1998, the Commissioners hired Salyers to work as a foreman in the Scioto County Sanitary Engineering Department. Three years later, the Sanitary Engineer developed a plan to reorganize the department so that it would operate more efficiently. This plan called for the elimination of the position of foreman.
 {¶ 3} On May 17, 2001, the Commissioners passed a resolution abolishing the position of foreman and placing Salyers on layoff status effective June 4, 2001.[1] That same day, the chairman of the Scioto County Board of Commissioners sent Salyers a notice informing him that he was being laid off effective June 4, 2001. Upon receiving the layoff notice, Salyers filed an appeal with the State Personnel Board of Review (SPBR).
 {¶ 4} In the meantime, on May 21, 2001, the Commissioners sent a letter to the Ohio Department of Administrative Services (DAS) indicating that the Commissioners had abolished the position of foreman in the Sanitary Engineering Department. The Commissioners asked DAS to verify Salyers's retention points along with those of Robert Blanton, the other foreman. Approximately nine days later, the Commissioners received a letter from DAS showing the proper retention points for both Salyers and Blanton. The Chairman then sent Salyers a second layoff notice that informed Salyers that he was being laid off effective June 17, 2001. Upon receiving the layoff notice, Salyers filed a second appeal with the SPBR.
 {¶ 5} In May 2002, SPBR's administrative law judge issued a procedural order requiring the parties to submit briefs addressing the following three areas: "(1) the methodology utilized to calculate [Salyers's] retention points in the instant appeals and the actual computation used therein; (2) the layoff jurisdiction and displacement rights as a result of that jurisdiction impacting on [Salyers] and his right or potential right to displace another employee; and (3) a copy of a Scioto County Board of Commissioner's resolution effectuating the second layoff of [Salyers] from his former position with the Sanitary Engineer, which layoff was effective June 17, 2001." After considering the briefs and the record, the administrative law judge issued his report and recommendation, which noted that Salyers continued to work after the layoff date contained in the resolution. He concluded this continued employment voided the first layoff "since it in essence never occurred." Moreover, the administrative law judge concluded the second layoff was void ab initio since the Commissioners failed to pass a resolution effectuating the second layoff. Therefore, he recommended the SPBR disaffirm Salyers's layoff and order the Commissioners to reinstate Salyers with back pay.
 {¶ 6} Subsequently, the Commissioners filed objections to the administrative law judge's report and recommendation. However, the SPBR adopted the recommendation of the administrative law judge and disaffirmed Salyers's layoff. The SPBR ordered the Commissioners to reinstate Salyers with back pay. When the Commissioners failed to reinstate Salyers, he filed a petition for writ of mandamus with the Scioto County Court of Common Pleas where he asked the court to order the Commissioners to reinstate him to his former position and compensate him for lost income and benefits. Six months later, the Commissioners filed a motion for summary judgment. The trial court overruled the Commissioners' motion for summary judgment and granted Salyers's petition, ordering the Commissioners to reinstate Salyers and compensate him for lost income and benefits. The Commissioners now appeal and raise the following assignment of error: "The trial court erred in granting summary judgment to appellee for the appellant, Scioto County Board of Commissioners substantially complied with the statutes regulating job abolishments and layoff when in May, 2001, it abolished the appellee's supervisory position and laid him off."
 {¶ 7} In their assignment of error, the Commissioners refer to the trial court's decision granting summary judgment in Salyers's favor. However, our review of the record indicates the court did not grant summary judgment in favor of Salyers. In fact, the trial court overruled the Commissioners' motion for summary judgment and in a separate opinion, the court granted Salyers's petition for writ of mandamus. Clearly, it is this decision the Commissioners are challenging on appeal.
 {¶ 8} "Mandamus is a writ, issued in the name of the state to * * * [a] board * * *, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. In order to obtain a writ of mandamus, a relator must demonstrate (1) that he has a clear legal right to the relief prayed for; (2) that respondents are under a clear legal duty to perform the acts; and (3) that he has no plain and adequate remedy in the ordinary course of law.State ex rel. Hodges v. Taft (1992), 64 Ohio St.3d 1, 3,591 N.E.2d 1186, citing State ex rel. Harris v. Rhodes (1978),54 Ohio St.2d 41, 374 N.E.2d 641.
 {¶ 9} A county employee whose layoff has been disaffirmed by the State Personnel Board of Review may bring an action in mandamus to compel his employer to abide by the board's orders.State ex rel. Bispeck v. Bd. of Commrs. of Trumbull Cty.
(1988), 37 Ohio St.3d 26, 27, 523 N.E.2d 502, citing State exrel. Potten v. Kuth (1980), 61 Ohio St.2d 321, 401 N.E.2d 929. In answering the complaint for writ of mandamus, however, the appointing authority may assert as an affirmative defense that the board abused its discretion by disaffirming the layoff. Id.
The State Personnel Board of Review abuses its discretion if its order is contrary to law or there is no evidence to support its decision. Kuth, 61 Ohio St.2d at 323; State ex rel. Carter v.Hull, 70 Ohio St.3d 570, 574, 1994-Ohio-449, 639 N.E.2d 1175.
 {¶ 10} The Commissioners argue the SPBR abused its discretion by disaffirming Salyers's layoff because they were not required to pass another resolution to effectuate the second layoff. They contend the original resolution justified the second layoff even though it indicated the layoff would take effect June 4, 2001.
 {¶ 11} On May 17, 2001, the Commissioners adopted a resolution abolishing the position of foreman in the Sanitary Engineering Department. The resolution also placed Salyers on layoff status effective June 4, 2001. That same day, the chairman sent Salyers a notice informing him that he was being laid off effective June 4, 2001. Subsequently, the Commissioners sent a letter to DAS seeking to verify Salyers's retention points.
 {¶ 12} Under R.C. 124.321(D), an appointing authority may abolish positions for any one of the following reasons: (1) as a result of a reorganization for the efficient operation of the appointing authority; (2) for reasons of economy; or (3) for lack of work. See, also, Ohio Adm. Code 123:1-41-04(A). If the abolishment of positions necessitates a reduction in workforce, the appointing authority may lay employees off. R.C. 124.321(D); Ohio Adm. Code 123:1-41-01(A). Before notifying employees that they are being laid off, however, the appointing authority must first verify their retention points with the Director of Administrative Services. Ohio Adm. Code 123:1-41-08(E); Ohio Adm. Code 123:1-41-10(A). Ohio Adm. Code 123:1-41-08(E) specifically states: "Notification by appointing authorities to affected employees shall not occur prior to the director's verification of retention points." After verifying the employees' retention points, the appointing authority must provide the employees with written notice of the layoff. Ohio Adm. Code 123:1-41-10(A). This written notice must be given at least fourteen days, if hand-delivered, to seventeen days, if mailed, before the effective date of the layoff. Id.
 {¶ 13} At a hearing conducted before the SPBR, the employee bears the burden of proving that defects existed in the procedure used to lay him off. Kuth, 61 Ohio St.2d 321, paragraph two of the syllabus. The appointing authority need only substantially comply with the statutory requirements in order for the layoff to be effective. Kuth, 61 Ohio St.2d 321, paragraph three of the syllabus. See, also, Ohio Adm. Code 124-7-01(A)(3).
 {¶ 14} Because the Commissioners failed to verify Salyers's retention points prior to notifying him of the layoff, their first notice was fatally defective. See Ohio Adm. Code123:1-41-08(E); Ohio Adm. Code 123:1-41-10(A). Apparently realizing this, the chairman sent Salyers a second layoff notice. This second notice, sent after the Commissioners received verification of Salyers's retention points, informed Salyers that he was being laid off effective June 17, 2001. It is Salyers's second layoff that is at issue here.
 {¶ 15} The Commissioners argue the SPBR erred in concluding the second layoff was void ab initio. We disagree. The Scioto County Board of Commissioners can only exercise its powers by means of orders, ordinances, or resolutions. See 20 Corpus Juris Secundum (1990) 289, Counties, Section 87. See, also, R.C.302.13(M) (The board of county commissioner may "[b]y ordinance or resolution make any rule, or act in any matter not specifically prohibited by general law * * *.") Moreover, an affirmative vote by the majority of the board is necessary before action can be undertaken. See State ex rel. Cline v. WilkesvilleTwp. (1870), 20 Ohio St. 288, 293-94; Britt v. Lewis (1898), 16 Ohio C.C. 343, 9 Ohio C.D. 166. An individual member cannot, unless expressly authorized, bind the board by his acts. SeeBrophy v. Landman (1876), 28 Ohio St. 542, 545 ("If we apply the common law rule of quorum, certainly one member of [the] board can do no official act."). See, also, 2 Antieau on Local Government Law (2 Ed. 2003) 25-27, Section 25.03 ("Members of the governing body of a local government cannot act for the local government as individuals; their acts are binding only when done collectively * * *.")
 {¶ 16} The record indicates that the majority of the board passed a resolution authorizing Salyers's first layoff. However, there is no evidence that the majority of the board took formal action to effectuate Salyers's second layoff. The record shows that the chairman sent Salyers a notice informing him of the second layoff. This letter was on board stationary and signed by the chairman in his official capacity as chairman of the Board. However, that letter cannot be ascribed to the board because there is no evidence in the record that a majority of the board formally authorized Salyers's second layoff. Without such formal action, the second letter amounts to a unilateral action undertaken by an individual board member. In order to properly effectuate Salyers's second layoff, the majority of the board needed to take formal action authorizing the layoff.
 {¶ 17} The Commissioners argue the original resolution justifies the second layoff. However, the original resolution specifically stated that the layoff would take effect June 4, 2001. Salyers's second layoff did not occur until June 17, 2001. In effect, the Commissioners are arguing that the effective date contained in the resolution is not controlling. However, what is the purpose of including an effective date in a resolution if that date is not controlling? An effective date of June 4th means the layoff must occur June 4th. The State Personnel Board of Review did not abuse its discretion in concluding that the failure of the layoff to occur on June 4th rendered the resolution meaningless. The Commissioners cannot rely on a resolution containing an effective date of June 4th to support a layoff that occurred on June 17th. Changing the effective date of Salyers's layoff to June 17th required formal action by the majority of the board. Absent evidence of a formal action by a majority of the board, Salyers's second layoff is void ab initio.
 {¶ 18} Thus, we conclude the SPBR did not abuse its discretion when it disaffirmed Salyers's layoff. Because the SPBR did not abuse its discretion, mandamus was appropriate. Accordingly, we overrule the Commissioners' assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] The other foreman was promoted to the newly created position of Field Superintendent for the Sanitary Engineering Department.