JOURNAL ENTRY and OPINION
{¶ 1} On April 13, 2004, the petitioner, Christopher Hardy, commenced this habeas corpus action against the respondent, Sheriff Gerald McFaul, complaining that his bond is too high. On May 11, 2004, the Sheriff, through the Cuyahoga County Prosecutor, moved to dismiss. For the following reasons, this court grants the motion to dismiss.
 {¶ 2} In the underlying case, State v. Hardy, Cuyahoga County Common Pleas Court Case No. CR-429576, Hardy was charged with two counts of rape and two counts of kidnapping, as well as counts for abduction, felonious assault, and domestic violence. The trial court initially set bond at $10,000. The jury convicted him of one count each of rape, kidnapping, and domestic violence, and the trial court sentenced him to five years in prison. However, this court reversed and remanded because of improper communications between the judge and the jury. State v. Hardy,
Cuyahoga App. No. 82620, 2004-Ohio-56. In early April 2004, the trial court set a new bond at $75,000. This habeas corpus action followed.
 {¶ 3} The principles governing habeas corpus are well established. Under both the United States and Ohio Constitutions," excessive bail shall not be required." If the offense is bailable, the right to reasonable bail is an inviolable one which may not be infringed or denied. In reGentry (1982), 7 Ohio App.3d 143, 454 N.E.2d 987 and Lewis v.Telb (1985), 26 Ohio App.3d 11, 497 N.E.2d 1376. The purpose of bail is to secure the attendance of the accused at trial. Blandv. Holden (1970), 21 Ohio St. 238, 257 N.E.2d 238.
 {¶ 4} In Ohio, the writ of habeas corpus protects the right to reasonable bail. In re Gentry, supra. A person charged with the commission of a bailable offense cannot be required to furnish bail in an excessive or unreasonable amount. In reLonardo (1949), 86 Ohio App. 289, 89 N.E.2d 502. Indeed, bail set at an unreasonable amount violates the constitutional guarantees. Stack v. Boyle (1951), 342 U.S. 1, 72 S.Ct.1,96 L.Ed. 3. Pursuant to Crim.R. 46, in determining what is reasonable bail, the court must consider all relevant information including, but not limited to, the nature and circumstances of the offense charged, the weight of the evidence, confirmation of the defendant's identity, the accused's history of flight or failure to appear at court proceedings, his ties to the community, including his family, financial resources, employment, his character, and mental condition. After weighing these factors, the trial court sets the amount of bail within its sound discretion. The discretion to set bail also permits the trial court to change bail as circumstances warrant. State v. Marte
(May 23, 1996), Cuyahoga App. No. 69587.
 {¶ 5} In a habeas corpus action to contest the reasonableness of bond, this court must determine whether the trial court abused its discretion. Jenkins v. Billy (1989), 43 Ohio St.3d 84,584 N.E.2d 1045; In re Gentry; Lewis; and In re Green (1995),101 Ohio App.3d 726, 656 N.E.2d 705. An abuse of discretion denotes more than an error of law or an error of judgment. It means an action which is arbitrary, unreasonable or tyrannical, unconscionable, or clearly against reason and evidence. When a court does not exercise discretion in the sense of being circumspect, prudent and exercising cautious judgment, there is an abuse of discretion. Alternatively, the term "abuse of discretion" has been defined as "a view or action that no conscientious judge, acting intelligently, could have honestly taken." State ex rel. Wilms v. Blake (1945), 144 Ohio St. 619,624, 60 N.E.2d 308, citing Long v. George (1936),296 Mass. 574, 579, 7 N.E.2d 149; State ex rel. Great Lakes College, Inc.v. State Med. Bd. (1972), 29 Ohio St.2d 198, 280 N.E.2d 900;State ex rel. Alben v. State Emp. Relations Bd.,76 Ohio St.3d 133, 1996-Ohio-120, 666 N.E.2d 1119; and State ex rel. Bryant v.Kent City School Dist. Bd. of Edn. (1991), 71 Ohio App.3d 748,595 N.E.2d 405. Cf. State ex rel. Potten v. Kuth (1980),61 Ohio St.2d 321, 322, 401 N.E.2d 929. "This court may find an abuse of discretion only where the board's order is contrary to law, or where there is no evidence to support its decision."
 {¶ 6} In the present case, this court concludes that a $75,000 bond is not an abuse of discretion. Rape, kidnapping, and domestic violence are very serious offenses. The Cuyahoga County Common Pleas Court Bail Investigation Guidelines provide that the appropriate range for bail in rape cases is $5,000 to $100,000. Thus, a $75,000 bail is within the suggested range. Furthermore, there is no doubt concerning the petitioner's identification, and more importantly, the evidence weighs heavily against him. The trial completely developed the evidence. Knowing that the evidence was strong enough to convince a jury of guilt beyond a reasonable doubt and knowing the certainty of a five-year prison sentence increases the likelihood of flight. Similarly, the judge also fully knows the incriminating nature of the evidence and has had an excellent opportunity to observe and learn the petitioner's nature and character. Therefore, substantially increasing the amount of bail after conviction, on remand for a new trial, and within the suggested guidelines for the serious offense of rape, was not an abuse of discretion.
 {¶ 7} Accordingly, this court grants the motion to dismiss this habeas corpus action. Costs assessed against the petitioner. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Dyke, P.J., and Sean C. Gallagher, J., concur.