VINCENT ET AL., APPELLANTS, *v.* CIVIL SERVICE COMMISSION, CITY OF ZANESVILLE, APPELLEE.

[Cite as Vincent *v.* Zanesville Civil Serv. Comm. (1990), 54 Ohio St. 3d 30.]

(No. 89-969—Submitted May 15, 1990—Decided September 26, 1990.)

*Spater, Gittes, Schulte & Kolman* and *Frederick M. Gittes,* for appellants.

*Michael A. Northrup,* for appellee.

*Downes & Hurst, Jonathan J. Downes* and *Rufus B. Hurst,* urging affirmance, for *amici curiae* County Commissioners Association of Ohio and Buckeye State Sheriff's Association.

*Law Offices of Andrew J. Ruzicho* and *Louis A. Jacobs,* urging reversal, for *amici curiae* Counsel for Ohio Psychological Association, National Association of Social Workers-Ohio, American Civil Liberties Union of Ohio Foundation, Inc., Plaintiff Employment Lawyers Association, and National Lawyers Guild.

SWEENEY, J. The authority of a municipal civil service commission to effect personnel decisions with respect to persons under its territorial jurisdiction is coextensive with that possessed by the director of administrative services for the state of Ohio. In this regard, R.C. 124.40(A) provides in relevant part:

"* * * The municipal civil service commission shall exercise all other powers and perform all other duties with respect to the civil service of such city, city school district, and city health district, as prescribed in this chapter and conferred upon the director of administrative services and the state personnel board of review with respect to the civil service of the state; and all authority granted to the director and the board with respect to the service under their jurisdiction shall, except as otherwise provided by this chapter, be held to grant the same authority to the municipal civil service commission with respect to the service under its jurisdiction. * * *"

In the present context, the authority under which appellee claims to have

acted is derived from R.C. 124.25. This section states as follows:

"The director of administrative services shall require persons applying for an examination for original appointment to file with the director, within reasonable time prior to the examination, a formal application, in which the applicant, under oath or affirmation, shall state his name, address, date of birth, and such other information as may reasonably be required concerning his education, experience, health, physical and mental capacity, and personal habits. No inquiry shall be made as to religious or political affiliations nor as to racial or ethnic origin of the applicant.

"Blank forms for applications shall be furnished by the director without charge to any person requesting the same. The director may require in connection with such application such certificate of persons having knowledge of the applicant as the good of the service demands. *The director may* refuse to examine an applicant, or, after an examination, *refuse to certify the applicant as eligible,* who is found to lack any of the established preliminary requirements for the examination, who is physically so disabled as to be rendered unfit for the performance of the duties of the position which he seeks, *who is addicted to the habitual use of intoxicating liquors or drugs to excess, who has been convicted of a felony, who has been guilty of infamous or notoriously disgraceful conduct,* who has been dismissed from either branch of the civil service for delinquency or misconduct, or who has made false statements of any material fact, or practice, or attempted to practice, any deception or fraud in his application or in his examination, in establishing his eligibility, or securing his appointment."

In addition to the criteria identified in R.C. 124.25, appellee relies upon its local administrative rules. The rulemaking authority of municipal civil service commissions is likewise governed by R.C. 124.40(A), which authorizes a municipal civil service commission to "* * * prescribe, amend, and enforce *rules not inconsistent with this chapter* for the classification of positions in the civil service of such city and city school district, and all the positions in the city health district; for examinations and resignations therefor; for appointments, promotions, removals, transfers, layoffs, suspensions, reductions, and reinstatements therein; and for standardizing positions and maintaining efficiency therein." (Emphasis added.)

Accordingly, within its jurisdiction, a civil service commission of a noncharter municipality may exercise all authority granted to the director of administrative services relative to state employment, except that it may not "prescribe, amend and enforce rules * * * [which are] inconsistent with * * * [R.C. Chapter 124]."

In accordance with its authority to promulgate rules governing employee examinations, appellee adopted the following provision:

*"Disqualification of Eligibles* —

"A. If at any time after the creation of an eligible list the Commission has reason to believe any person whose name appears on any list is disqualified for appointment *because of false statements made in his application, physical disability, or for other comparable reasons,* such person shall be notified and given an opportunity to be heard. If such person shall fail to appear for hearing, or upon being heard fail to satisfy the Commission, his name shall be removed from such eligible list." (Emphasis added.)

Appellants were disqualified from the eligibility list for prospective fire

fighters because of prior drug use. While appellee contends that such basis for disqualification is permitted under R.C. 124.25 and authorized by its civil service rules, we draw no such conclusion. R.C. 124.25 permits disqualification based on physical disability, addiction to the habitual use of liquor or drugs to excess, conviction for a felony or infamous or notoriously disgraceful conduct. Appellants fall within none of these categories. The private use of the substances at issue in the case *sub judice* cannot be considered infamous or notorious conduct because all parties agree that such conduct was not of a public nature. That is the import of the terms employed by the General Assembly. The activity did not involve criminal convictions. There is no evidence that appellants are addicted to the habitual use of drugs. In point of fact, appellants had not used the substances for approximately one year prior to the submission of their applications for employment.

Moreover, utilization of the language "*addict[ion]* to the *habitual* use of * * * drugs *to excess*" by the legislature connotes more than prior, occasional and discontinued consumption. Applying the well-recognized rule of statutory construction, *expressio unius est exclusio alterius*,[2] it is clear that the legislature did not intend that all past drug use is necessarily a disqualifying factor for public employment. Given this interpretation of R.C. 124.25, it is apparent that any construction of the local civil service rule which would include such a disqualifying factor would run afoul of the requirement of R.C. 124.40(A) that such rules may not be inconsistent with R.C. Chapter 124.[3]

The judgment of the court of appeals is therefore reversed and the cause is remanded.

*Judgment reversed and cause remanded.*

MOYER, C.J., DOUGLAS and H. BROWN, JJ., concur.

HOLMES and WRIGHT, JJ., concur in the syllabus and judgment.

RESNICK, J., concurs in judgment only.

WRIGHT, J., concurring. I *concur* in the judgment and the syllabus of the majority opinion. However, I disagree

---

[2] The term is defined in Black's Law Dictionary (6 Ed. 1990) 581, as follows:

"A maxim of statutory interpretation meaning that the expression of one thing is the exclusion of another. *Burgin* v. *Forbes*, 293 Ky. 456, 169 S.W. 2d 321, 325; *Newblock* v. *Bowles*, 170 Okl. 487, 40 P. 2d 1097, 1100. Mention of one thing implies exclusion of another. When certain persons or things are specified in a law, contract, or will, an intention to exclude all others from its operation may be inferred. Under this maxim, if statute specifies one exception to a general rule or assumes to specify the effects of a certain provision, other exceptions or effects are excluded."

[3] Assuming *arguendo* that R.C. 124.25 would not preclude the promulgation of such a rule, it is apparent that the local rule does not allow for a disqualification on this basis. The rule conditions disqualification on "false statements * * * [on the] application, physical disability, or * * * other comparable reasons." Applying the rule of statutory construction *ejusdem generis*, it is clear that past occasional and discontinued use of drugs is not comparable to physical disability. In fact, both applicants performed well on the physical and psychological evaluations.

with much of the commentary contained in the majority opinion.

For example, the *admitted* use of cocaine by the appellants does constitute "activity" which is a felony regardless of whether a trial took place. The fact that appellants no longer are addicted or dependent upon drugs is *not* an excuse for their previous conduct. The majority asserts that there is no evidence that appellants are presently addicted to drugs. While that is true, the pattern of substance abuse reflected in this record clearly suggests a dependency in the not too distant past. We must be very careful in tampering with standards for applicants to positions which call for a high degree of responsibility and potential danger to the public. A municipal employer engaged in providing fire fighting services for its citizens must be able to exclude from employment non-qualified candidates, handicapped or otherwise. We have previously recognized that alcoholism and substance dependency may be treated as a handicap. However, it must be emphasized that there are qualified and unqualified handicapped persons.

The record in this case clearly reflects that appellants have fully recovered from their dependency and danger of relapse is minimal. Therefore, I concur in the judgment in this case.

HOLMES, J., concurs in the foregoing opinion.