CITY OF WARREN et al., Appellants,

v.

WARREN MUNICIPAL CIVIL SERVICE COMMISSION et al., Appellees.

[Cite as *Warren v. Warren Mun. Civ. Serv. Comm.*,
150 Ohio App.3d 719, 2002-Ohio-6928.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2001–T–0069.

Decided Dec. 13, 2002.

720

James R. Ries, Warren Assistant Law Director, for appellants.

Members of the Warren Municipal Civil Service Commission, pro se.

Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., and Dennis Haines, for appellees.

---

DIANE V. GRENDELL, Judge.

{¶ 1} Appellants, the city of Warren, Ohio, a noncharter city, et al., appeal from the June 5, 2001 judgment of the Trumbull County Common Pleas Court. In that decision, the common pleas court upheld the decision of appellees, the Warren Municipal Civil Service Commission et al. ("appellees") to set aside the layoffs of 19 city employees. For the following reasons, we affirm the judgment of the common pleas court.

{¶ 2} On December 1, 1999, appellants attempted to notify the affected workers that they would be laid off effective January 1, 2000. However, both parties stipulate that appellants rescinded the December 1 notice because of a procedural error on December 29, 1999. On December 29 and December 30, 1999, appellants issued a new notice notifying the workers that they would be laid off for financial reasons effective January 1, 2000. By January 9, 2000, all 19 workers had filed a notice of appeal with appellees. The workers' primary argument was that appellants failed to give adequate notice of the pending layoffs.

{¶ 3} At a hearing conducted on February 2 and February 9, 2000, appellees set aside the layoffs of the 19 city workers. In doing so, appellees stated that appellants had failed to comply with Warren Civil Service Commission Rule 18.3, R.C. 124.321 and Ohio Adm.Code 123:1–41–10, all pertaining to layoff procedures and notice requirements. Specifically, appellees ruled that appellants failed to satisfy the 14–day notice requirement of those rules and regulations.

{¶ 4} Appellants filed their appeal of appellees' decision with the trial court on March 9, 2000. Both parties stipulated that the issue before the trial court was based solely upon the December 29 and 30, 1999 layoff notices issued by appellants. In fact, the common pleas court noted in its judgment entry, "Appellants themselves stipulated at the February commission hearing that the workers' appeals were based solely upon the December 29–30, 1999 notices." On June 5, 2001, the trial court denied appellants' request to reinstate the layoffs. This timely appeal followed, and appellants assert five assignments of error for our review:

{¶ 5} "1. The trial court erred by affirming the decision of the Civil Service Commission because the Civil Service Commission's finding that the layoff herein was subject to Section 123:1–41–10 of the Ohio Administrative Code was contrary to law."

{¶ 6} "2. Assuming that Section 123:1–41–10 of the Ohio Administrative Code was applicable to the layoff herein, the trial court erred by affirming the decision of the Civil Service Commission because the Civil Service Commission's finding that the affected employees did not have adequate advance notice of their layoff in accordance with Section 123:1–41–10 of the Ohio Administrative Code was contrary to law."

{¶ 7} "3. The trial court erred by affirming the decision of the Civil Service Commission because the Civil Service Commission's finding that the layoff herein was subject to Rule 18 Section 3 of the rules and regulations of the Warren Municipal Civil Service Commission was contrary to law."

{¶ 8} "4. Assuming that Rule 18 Section 3 of the rules and regulations of the Warren Municipal Civil Service Commission was applicable to the layoff herein, because the Civil Service Commission's finding that the affected employees did not have adequate advance notice of their layoff in accordance with said Rule 18 Section 3 was contrary to law."

{¶ 9} "5. Assuming that Section 123:1–41–10 of the Ohio Administrative Code and Rule 18 Section 3 of the rules and regulations of the Warren Municipal Civil Service Commission were applicable to the layoff herein, the trial court erred by affirming the decision of the Civil Service Commission, and finding it not to be 'arbitrary' or 'capricious,' because the Civil Service Commission's finding that the affected employees did not have adequate advance notice of their layoff was contrary to law."

{¶ 10} Construing the language of R.C. 2506.04, we distinguish the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the "whole record," including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. *Smith v. Granville Twp. Bd. of Trustees* (1998), 81 Ohio St.3d 608, 612, 693 N.E.2d 219, citing *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 206–207, 12 O.O.3d 198, 389 N.E.2d 1113.

{¶ 11} The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is "more limited in scope." *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id. at fn. 4; *Akwen Ltd. v. Ravenna*

*Zoning Bd. of Appeals,* 11th Dist. No. 2001–P–0029, 2002-Ohio-1475, 2002 WL 480041. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264.

{¶ 12}  In an appeal to the court of appeals pursuant to R.C. 2506.04, this court must affirm the common pleas court unless this court holds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence. *Kisil,* supra, 12 Ohio St.3d at 34, 465 N.E.2d 848.

{¶ 13}  In their first assignment of error, appellants argue that when "a municipal employee is laid off by a municipal corporation, such layoff must be done consistent with the applicable provisions of R.C. 124.321 to R.C. 124.327 and the rules of the applicable municipal civil service." Appellants also cite the language contained in the Ohio Revised Code and the Ohio Administrative Code, chapter and verse, distinguishing the entities of the municipal civil service commission and the director of administrative services. In doing so, appellants attempt to claim that because they are different entities, the rules established by the director of administrative services in the Ohio Administrative Code are inapplicable and may not be considered by the Warren Civil Service Commission. Appellants are incorrect in their assertion.

{¶ 14}  R.C. 124.40(A) authorizes a municipal civil service commission to "prescribe, amend, and enforce rules *not inconsistent with this chapter* for the classification of positions in the civil service of such city * * *; for appointments [and] layoffs * * *; and for standardizing positions and maintaining efficiency therein." See, generally, *Vincent v. Zanesville Civ. Serv. Comm.* (1990), 54 Ohio St.3d 30, 560 N.E.2d 226. Furthermore, a civil service commission of a noncharter municipality may exercise all authority granted to the director of administrative services relative to state employment, except that it may not prescribe, amend, and enforce rules that are inconsistent with R.C. Chapter 124. Id. at 32, 560 N.E.2d 226. Also, R.C. 124.321(A) states: "Whenever it becomes necessary for an appointing authority to reduce its work force the appointing authority shall lay off employees * * * in accordance with sections 124.321 to 124.327 of the Revised Code and the rules of the director of administrative services."

{¶ 15}  In the instant case, appellees, serving on behalf of a noncharter city, initially looked to their rules and regulations. The preamble to appellees' rules

and regulations states: "Whenever the Municipal Rules are in conflict with the Civil Service Laws of the State of Ohio, the State rules shall take precedence." This is consistent with the general relationship between a noncharter city and the Ohio Revised Code. See *Vincent,* 54 Ohio St.3d at 32, 560 N.E.2d 226.

{¶ 16}   Section 3, Rule 18 of appellees' rules and regulations provides: "[N]otice must be given at a time that would give the employee reasonable time in which to make and file an explanation and to be heard in his own defense." While this does indicate that some type of notice is to be given, it is unclear as to what constitutes a "reasonable time." Therefore, in order to be consistent with R.C. 124.321(A), appellees, in their Feb. 9, 2000 decision, followed Ohio Adm.Code 123:1–41–10, which states: "Such written notice shall be hand-delivered to the employee or mailed by certified mail * * *. If hand-delivered, such notice shall be given at least fourteen calendar days before the effective date of layoff or displacement * * *." In doing so, appellees properly adhered to R.C. 124.321(A), which provides that a civil service employee may be laid off in accordance with statutory law and "the rules of the director of administrative services."

{¶ 17}   In such a situation, it appears axiomatic that the Ohio Revised Code sections, such as R.C. 124.321, implicitly adopt the rules and regulations of the Ohio Administrative Code.

{¶ 18}   As a reviewing court, we note the long-accepted principle that "considerable deference should be accorded to an agency's interpretation of rules the agency is required to administer." *State ex. rel. Celebrezze v. Natl. Lime & Stone Co.* (1994), 68 Ohio St.3d 377, 382, 627 N.E.2d 538.

{¶ 19}   Based on an overbroad, conflicting use of "reasonable time" contained in their rules and regulations, appellees, pursuant to their preamble, properly deferred to the Ohio Revised Code and the Ohio Administrative Code for definition. The common pleas court's decision to uphold appellees' decision was proper. Appellants' first assignment of error is without merit.

{¶ 20}   In their second assignment of error, appellants argue that they did comply with the requirements of Ohio Adm.Code 123:1–41–10. Appellants assert that the notice given on December 1, 1999, provided more than 14 days' notice to the workers. However, as mentioned above, it has been stipulated by both parties that the December 1, 1999 notice was rescinded by appellants. Appellants rescinded the notice because they had failed to file a financial statement of rationale and supporting documents as required by R.C. 124.321.

{¶ 21}   The Ohio Revised Code requires that an appointing authority must submit a financial statement of rationale before a layoff notice can become effective. R.C. 124.321. As appellants failed to file the statement of rationale prior to their delivery of the layoff notices, the December 1, 1999 layoff notices

were fatally defective. The filing of the statement of rationale was required in order for appellants to perfect service of the layoff notices pursuant to R.C. 124.321. Without the statement of rationale, the December 1, 1999 notices were at all times void, unenforceable, and without substantive effect.

{¶ 22} It has also been stipulated that the only notice at issue in this appeal is the notice delivered by appellants on December 29 and 1999. Therefore, based on the foregoing reasons, any arguments brought before this court pertaining to the rescinded notices of December 1, 1999, will be ignored for purposes of this appeal.

{¶ 23} In support of their argument that they complied with the requirements of Ohio Adm.Code 123:1–41–10, appellants direct this court's attention to *Potten v. Kuth* (1980), 61 Ohio St.2d 321, 15 O.O.3d 391, 401 N.E.2d 929. Appellants claim that under the holding of *Potten,* total compliance with Ohio Adm.Code 123:1–41–10 is not required. Appellants are incorrect in their assertion. In *Potten,* the Supreme Court of Ohio addressed the content of a layoff notice as required by Ohio Adm.Code 123:1–41–10(B)(1) through (10). In doing so, the Supreme Court of Ohio held that as long as an appointing authority's layoff notice substantially complied with the requirements of Ohio Adm.Code 123:1–41–10(B), the notice would be deemed proper. However, the issue in this case is the timing of the layoff notice as outlined in Ohio Adm.Code 123:1–41–10(A), not the content of the notice, as was the case in *Potten.*

{¶ 24} As previously mentioned, we are limited to the stipulated facts of this case. The facts indicate that the workers received their layoff notices only one or two days prior to the proposed date of the actual layoff. Ohio Adm.Code 123:1–41–10(A), as interpreted by appellees, requires at least 14 days advance notice to the affected workers. Appellants failed to meet this 14–day requirement. Based on the foregoing analysis, we hold that the common pleas court's decision to uphold appellees' ruling was supported by a preponderance of reliable, probative, and substantial evidence. Appellants' second assignment of error is without merit.

{¶ 25} In their third assignment of error, appellants argue that Section 3, Rule 18 of appellees' rules and regulations is not applicable to the case before us. This is contrary to appellants' previous argument in which they assert that appellees were bound by the procedures in R.C. 124.321 to 124.327 and the "rules of the applicable civil service commission." Appellants cannot have it both ways. As discussed in our previous analysis, appellees' powers in this case are derived from R.C. Chapter 124. Rule 18 of appellees' rules and regulations is entitled "Discharge or Reduction." Section 3 of the rule specifically applies to layoffs. In our analysis of appellants' first assignment or error, this court held that the

common pleas court's decision to uphold appellees' application of the Ohio Revised Code, the Ohio Administrative Code, and their own rules and regulations was proper.

{¶ 26} "[A] court is bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid." *Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals* (1993), 66 Ohio St.3d 452, 456, 613 N.E.2d 580. A reviewing court will generally defer to an administrative agency's interpretation of its own rules. *Cincinnati City School Dist. v. State Bd. of Edn.* (1996), 113 Ohio App.3d 305, 312, 680 N.E.2d 1061. As Section 3, Rule 18 of appellees' rules was the only rule that provided some guidance as to the time period required for layoff notices, the common pleas court properly upheld appellees' application of the rule pursuant to R.C. Chapter 124. Appellants have failed to provide any evidence that would rebut the presumption of validity in appellees' interpretation of their own rules and regulations. Absent such evidence, this court will not attempt to instruct appellees on the proper interpretation of those rules and regulations. Appellants' third assignment of error is without merit.

{¶ 27} In their fourth assignment of error, appellants simply repeat their argument that they substantially complied with the notice requirements of Rule 18, Section 3, as outlined in appellees' rules and regulations.

{¶ 28} As previously discussed, appellees determined that the 14–day notice requirement of Ohio Adm.Code 123:1–41–10(A) applied to the interpretation of the term "reasonable time," as contained in Rule 18, Section 3. We have already held that the common pleas court properly upheld appellees' interpretation regarding the 14–day advance notice requirement. Again, the issue is the timing of the notice, not the content. Substantial compliance is applicable only to the content of the notice. *Potten,* supra.

{¶ 29} Appellants' stipulated that their notice was issued only one or two days prior to the intended date of layoff. Based on those facts, the common pleas court properly found that a notice of one or two days failed to satisfy the "reasonable time" requirement of appellees' Section 3, Rule 18. Again, this court must affirm the trial court if we find that the common pleas court's decision is supported by a preponderance of probative, reliable, and substantive evidence. *Kisil,* supra. The common pleas court's finding that one to two days' notice of layoff was unreasonable was not arbitrary or capricious. We agree, Rule 18 alone could have provided the basis of the common pleas court's decision. Appellants' fourth assignment of error is without merit.

{¶ 30} In their fifth and final assignment of error, appellants argue: "The trial court's finding that the Civil Service Commission's decision is not

'arbitrary' or 'capricious' is contrary to law." Both parties have stipulated to the facts and evidence applicable to this case. Thus, the record contains substantial evidence to support the trial court's finding in this case. Therefore, we hold that the common pleas court, based on the reliable, probative, and substantial evidence in this case, properly determined that appellants' notice was inadequate under the rules of the Ohio Revised Code, the Ohio Administrative Code, and Rule 18 of the Warren Municipal Civil Service Commission. There is nothing in the record that suggests otherwise. Appellants' fifth assignment of error is without merit.

{¶ 31} Based on the foregoing reasons, appellants' first, second, third, fourth, and fifth assignments of error are without merit. The decision of the Trumbull County Common Pleas Court in this matter is hereby affirmed.

Judgment affirmed.

WILLIAM M. O'NEILL, P.J., and JUDITH A. CHRISTLEY, J., concur.